STATE OF MINNESOTA v. S. ROBITSHEK.[1]

January 21, 1895.

No. 9041.

| 60 | 123 |
| 81 | 400 |
| 60 | 123 |
| 83 | 462 |
| s33 LRA | 33 |
| 111 Wis 425 | |

**Municipal Corporation—Prosecution for Violation of Ordinance.**
It is within the power of the council of the city of Minneapolis to enact that no prosecution for the violation of the provisions of a specified ordinance shall be commenced except upon the complaint of a police officer of the city.

Appeal from an order of the municipal court of Minneapolis, Holt, J., denying a motion for a new trial. Upon the complaint of a private individual, defendant was arraigned and found guilty of the offense of keeping his saloon for selling liquor open on Sunday, after a former conviction for a similar offense. Reversed.

*S. Meyers,* for appellant.

*D. F. Simpson* and *M. D. Purdy,* for respondent.

COLLINS, J. We are required in this case to determine the validity of that part of a section of an ordinance of the city of Min-

[1] Reported in 61 N. W. 1023.

neapolis which provides that "no prosecution shall be commenced for the violation of this section or any provision thereof except upon complaint of a police officer of said city"; the court below having disregarded such condition, and allowed a private individual to make the complaint on which defendant was tried and convicted of a violation of one of the provisions of the section. The question is whether the city council had the power to enact this clause, and thus prohibit its citizens from initiating by formal complaint a prosecution for the violation of an ordinance.

For the purposes of this case, we assume, without deciding, that every man is of common right entitled to prefer an accusation against a party whom he believes to be guilty of a crime; and, further, that it is his right to have a prosecution commenced and carried on upon such complaint. Yet this fact, if it be one, has no bearing upon the case before us. It has repeatedly been decided by this court, as it has elsewhere, that municipal ordinances are not criminal statutes; that violations thereof are not crimes, nor are such violations governed by the rules of the criminal law, save in certain specified exceptional particulars. State v. Oleson, 26 Minn. 507, 5 N. W. 959; City of St. Paul v. Smith, 27 Minn. 364, 7 N. W. 734; State v. Lee, 29 Minn. 445, 13 N. W. 913; City of Mankato v. Arnold, 36 Minn. 62, 30 N. W. 305; State v. West, 42 Minn. 147, 43 N. W. 845; State v. Sexton, 42 Minn. 154, 43 N. W. 845; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531. Prosecutions thereunder are in the name of the state by express provision of the charter, as a matter, probably, of convenience; and they are, at most, merely quasi criminal in form. They are simply local police regulations or by-laws for the government of the municipality, and have no reference to or connection with the administration of the criminal laws of the state. Originally, the only method of enforcing them was by civil action, brought by the municipality in its own name, to recover such penalty as was prescribed for a violation. There can be no doubt that, when they were so enforced, the whole matter of such enforcement was necessarily within the exclusive control of the municipality itself. It alone could bring an action to enforce and collect the penalty, and therefore it was beyond the power of any private person to prosecute in case of the violation of the provisions of an ordinance; and, under the terms of the city charter (chapter

11, § 7), there can be no doubt about the power of the city council, if it chose, to adopt the old original method of enforcing ordinances,— that is, by a civil action for the recovery of a prescribed penalty in case of violation. Should this be done, it would be evident that no private person could proceed to enforce an ordinance, for he could not bring the action. But the fact that, following the modern methods, a procedure to enforce the penalty by proceedings quasi criminal has been adopted in the city in question, affords no valid reason for holding that legal proceedings of this character for the enforcement of by-laws should not still be within the exclusive control of the municipality, or why private citizens should now have the right to institute prosecutions. The violation of an ordinance affects the good order of the municipality in its public and official capacity, and does not constitute a private wrong to the individual citizen. The inhabitants of a city may be interested in the enforcement of all ordinances, but few, if any, can care what mode is pursued,— whether complaint may be made by any person, or must be made by a policeman. That a change has been made in the mode of procedure, and instead of civil actions to recover the penalty, instituted, of course, in the name of the municipality, and wholly within its control, that we now have quasi criminal proceedings, brought in the name of the state, by express charter provision, has not affected the right of the municipality to still retain control by proper legislation if its council so determines; and this is the purpose and effect of the requirement that no prosecution of the ordinance in question shall be commenced except upon the complaint of a police officer. And it is also to be noticed that, by the terms of the charter (chapter 4, § 5), the enforcement of the ordinances is as much within the authority and power of the city council as is their enactment; and perhaps this would be so in the absence of an express grant of power, unless the charter expressly provided otherwise. It would seem that, under a power to enforce as well as to enact, the city council has control over and can direct the mode and manner of enforcing. Within the express grant of power to enforce there is certainly included the power to provide the method of enforcement. There are, of course, limitations to this power. It must not be exercised so as to contravene the constitution of the state nor any matter of common right. The instituting of an action or proceeding for

the violation of a municipal by-law by a private party is not, and never has been, a matter of common right; and the fallacy of the argument of counsel for respondent lies in assuming that violations of municipal by-laws are strictly criminal acts, and are always so treated. That it was within the power of the council to ordain that prosecutions under the by-law in question should only be instituted on the complaint of a certain city officer we have no doubt. With the policy of such a provision we have nothing to do.

Order reversed, and, on remanding the case, defendant will be discharged.