STATE v. HENRY ENGER.[1]

November 21, 1900.

Nos. 12,292—(15).

## Sale of Intoxicating Liquor—Laws 1895, c. 50.

Laws 1895, c. 50, provides that it shall be the privilege of certain public officials and any person to make complaint for the violation of the liquor laws of this state under any law or by-law of any city therein. Such statute is of general application, and relates to cities organized under special charters, as well as the general laws of the state.

## City of Minneapolis—Ordinance.

The former provision of an ordinance of Minneapolis restricting com-

[1] Reported in 84 N. W. 218.

plaints for violations of a by-law of that city to "police officers of said city" is in conflict with the above statute, and was repealed thereby.

**Same—Prosecution by Policeman.**

The provisions of the ordinance restricting prosecutions in that city to police officers, passed upon in State v. Robitshek, 60 Minn. 123, was subsequently repealed by an amendment to the same re-enacting the ordinance, but excluding the restriction as to the person by whom the complaint should be made.

Appeal by defendant from an order of the municipal court of Minneapolis, Kerr, J., denying a motion for a new trial.    Affirmed.

*Lars M. Rand,* for appellant.

*Frank Healy* and *H. D. Dickinson,* for respondent.

LOVELY, J.

Upon the complaint of a private citizen, defendant was convicted of selling liquor on Sunday, in violation of an ordinance of the city of Minneapolis.    On appeal the objection is made that by the terms of the ordinance approved April 1, 1889, it was provided that no prosecution under the same should be commenced, "except upon complaint of a police officer of said city," and under the rule laid down in State v. Robitshek, 60 Minn. 123, 61 N. W. 1023, a prosecution upon the complaint of a private citizen could not be sustained.

This contention, were it not for the general law referred to hereafter, would be of force, but for the important fact that since the ordinance of 1889, under which counsel erroneously assumes that his client was convicted, the same was amended by a subsequent ordinance of the city, approved July 31, 1894, re-enacting the provisions of the first ordinance, but studiously excluding any restriction as to the character of the person who should institute proceedings for its violation, while it does provide that all ordinances conflicting with the same are repealed.    It is not difficult to find a potent reason why the enforcement of the liquor laws in cities should not be restricted to policemen, and it may be readily conceived that a practical execution of the law required the amendment.    It was full and plenary, and, while not noticed by defendant's counsel, sustains the conviction resting upon the complaint of the private prosecutor in this case.    The omission of the restriction

of right to prosecute to policemen, in the amended by-law, clearly effected a repeal of that requirement. 23 Am. & Eng. Enc. 488.

Defendant's counsel has ignored this amendment, and, with much ingenuity, has attempted to show that the provisions of Laws 1895, c. 50, which provides that, in addition to certain officers upon whom the duty is imposed, it shall be the privilege of any person to make complaint for a violation of any law or by-law of a city relating to the sale of intoxicating liquors, do not apply to this case. In view of our ruling upon the amending ordinance above referred to, it may not be essential in this case to pass upon the effect of this general statute; but by reason of the importance of the question involved to all cities of this state, and the result of the same upon police regulations controlling the liquor traffic therein, we have considered with some care the contention of defendant's counsel, urging that the statute of 1895 applies only to municipalities organized under the general laws of the state, and the point that to extend it to the city of Minneapolis would be a violation of the intention of the legislature. Laws are repeatedly passed, affecting cities existing under the general laws, as well as in case of special charters; and it has not usually been the manifested inclination of legislative action to distinguish between either, as a distinct class, when all are intended to be covered. While the municipal police of this state are, in the main, a body of earnest and competent officials, deserving credit for their zealous devotion to duty, yet the opportunity for corruption and improper influence upon dishonest members of the force by interested parties was undoubtedly within the purview of the statute, which was passed to protect the public in the enforcement of the liquor laws, either from negligence, defiance of duty, or active conspiracy to defeat the law. The question raised is not a new one. The application of the statute is general, and by its terms it embraces all cities, not excluding Minneapolis or any other municipality in the state; nor does it in terms restrict its operation to cities under general or special charters. The law must therefore be held to apply to all alike. Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375, and cases cited therein.

Order affirmed.