### CITY OF MADISON v. JOHN MARTIN.[1]

December 17, 1909.

Nos. 16,305—(125).

**Violation of Ordinance — Appeal from Municipal Court.**

Defendant was convicted in the municipal court of the city of Madison for violating a city ordinance, and attempted to appeal to the district court by complying with the procedure on appeals from justice courts in civil actions, instead of the procedure on appeals in criminal cases. *Held*, that his appeal was rightly dismissed by the district court.

Defendant appealed to the district court for Lac qui Parle county from a judgment of conviction in the municipal court of the city of Madison, for selling a coat at public auction, contrary to the ordi-

[1]Reported in 123 N. W. 809.

nance of that city. The appeal was taken "as if the action was a civil and not a criminal action." The motion of plaintiff to dismiss the appeal was granted. From an order, Qvale, J., dismissing the appeal, and from the judgment of dismissal entered pursuant to the order, defendant appealed. Affirmed.

*J. H. Driscoll,* for appellant.

*O. W. Schulz,* City Attorney, and *H. L. Hayden,* for respondent.

START, C. J.

The defendant was prosecuted in the municipal court of the city of Madison for a violation of an ordinance of the city regulating and licensing auctioneers. He was convicted and sentenced to pay a fine of $10, or stand committed for a period of ten days. He attempted to appeal from the judgment to the district court of the county of Lac qui Parle. The district court dismissed the appeal, for the reason that the defendant, in attempting to appeal, followed the procedure prescribed in cases of appeals in civil actions in justice courts, and not that required in appeals in criminal cases in that court. The defendant appealed from the judgment of the district court dismissing his appeal.

The contention of the defendant is that he followed the correct procedure, for the reason that "prosecutions for the violation of municipal ordinances are not criminal actions and violation of ordinances are not crimes nor governed by the rules of criminal law." It has been repeatedly held in this court that article 1, § 6, of the constitution, guaranteeing a trial by jury in all criminal prosecutions, was not applicable to the prosecution of offenses for the violation of municipal ordinances, which are triable summarily in justice or police courts. State v. Marciniak, 97 Minn. 355, 105 N. W. 965. Other than this, we have never held that a prosecution for the violation of a municipal ordinance which was punishable by fine or imprisonment, was not a criminal prosecution; and we hold that such offenses are criminal. It is true that in the case of City of Mankato v. Arnold, 36 Minn. 62, 30 N. W. 305, it was said arguendo that such offenses "are not generally construed to be criminal cases in the proper sense of the term;" but the real basis of the decision that the

defendant was not entitled to a jury trial was that they were petty offenses against municipal ordinances. See, in this connection, State v. West, 42 Minn. 147, 150, 43 N. W. 845.

The municipal court of the city of Madison was organized under Laws 1895, p. 575, c. 229, and by section 38 thereof it is provided that "all appeals from any judgment, order or action of said court shall be had to the district court of the county in which such city is situated, in like manner and under the same rules of practice and procedure as in cases of appeal from justice to district courts, the general laws of this state relating to appeals from justice courts, * * * shall apply to this court." This being a criminal prosecution, it follows that the appeal in this case should have been taken in the manner provided for taking appeals from justice courts in criminal cases, and that the trial court correctly dismissed the defendant's appeal for the reason stated. State v. Mattson, 105 Minn. 63, 117 N. W. 227.

Section 725, R. L. 1905, cited by the defendant, has no application to prosecutions for the violation of city ordinances in a municipal court; for it refers exclusively to prosecutions for the violation of village ordinances. Nor has section 146, R. L. 1905, any application to this case; for it has reference only to municipal courts thereafter organized, as provided by section 124.

Order affirmed.