## VILLAGE OF CROSBY v. VICTORIA STEMICH.[1]

July 25, 1924.

No. 24,031.

**Prosecutions for violation of municipal ordinance are criminal actions.**

  1. For purposes of appellate procedure, prosecutions for the violation of municipal ordinances are criminal actions.

**Appeals from municipal courts established since 1905.**

  2. In such proceedings in municipal courts, established since the taking effect of R. L. 1905, appeals to the district court must be taken pursuant to sections 7638, 7639, G. S. 1913. An appeal in such proceeding taken pursuant to section 7602, G. S. 1913, as amended by chapter 283, Laws 1917, *held* properly dismissed.

From a conviction in the municipal court of the village of Crosby of the offense of selling intoxicating liquor, defendant appealed to the district court for Crow Wing county where plaintiff appeared specially and its motion to dismiss the appeal was granted by McClenahan, J. From the judgment of dismissal, defendant appealed. Affirmed.

*C. L. Benedict*, for appellant.

*W. B. Cook*, for respondent.

STONE, J.

After conviction in the municipal court of the village of Crosby of the violation of a village ordinance, defendant's attempted appeal to the district court was dismissed. She appeals from the judgment of dismissal.

The appeal to the district court was attempted under section 7602, G. S. 1913, as amended by chapter 283, p. 420, Laws 1917. It was dismissed upon the ground that it should have been taken under section 7638, G. S. 1913, because the conviction was "of a criminal offense."

[1]Reported in 199 N. W. 918.

The only question, therefore, is as to which of the two statutes should be followed in municipal courts, established subsequent to the taking effect of R. L. 1905, in taking appeals from convictions of violations of municipal ordinances. The question does not affect municipal courts in existence when R. L. 1905 took effect because of the language of section 124 thereof (section 256, G. S. 1913), continuing the statutes then in force concerning such courts.

The municipal court of the village of Crosby was created by chapter 33, p. 30, Laws 1913. Section 2 of that act expressly made the new court subject to "all of the provisions * * * of chapter 5, R. L. 1905 (sections 256-281, G. S. 1913). The opening section of that chapter provides that "all municipal courts thereafter established shall be organized and governed under and pursuant to the provisions of this subdivision and not otherwise." The section concerning appeals (section 146, R. L. 1905, as amended by chapter 104, p. 111, Laws 1913); section 280, G. S. 1913, is as follows:

"Appeals may be taken to the district court of the county from the judgments of municipal courts in the same cases, upon the same procedure, and with the same effect as provided by law respecting appeals from justices' courts, and all laws relating to such last named appeals shall be adapted and applied to appeals from the municipal courts. Provided, however, that the time for appeal shall not start to run until the judgment has been perfected, the costs taxed and notice of entry of judgment served upon the adverse party."

Section 7602, G. S. 1913, as amended by chapter 283, p. 420, Laws 1917, applies to appeals from judgments of justices of the peace in civil actions. Appeals in criminal proceedings are governed by sections 7638 to 7643 inclusive, G. S. 1913. Violations of municipal ordinances are criminal offenses and trials therefor criminal proceedings, within the meaning of the statutes now in question. They "are not crimes nor governed by rules of criminal law" within the meaning of article 1, section 6, of the Constitution of the state guaranteeing a trial by jury in all criminal proceedings. City of Madison v. Martin, 109 Minn. 292, 123 N. W. 809; State v.

Marciniak, 97 Minn. 355, 105 N. W. 965. They differ from ordinary criminal trials in other particulars. See City of Red Wing v. Nibbe, infra, page 275.

We are not overlooking section 1266, G. S. 1913, which has been a part of the general statutes concerning villages and village justices of the peace for a long time. It antedated by many years the Revision of 1905, and was section 1254, G. S. 1894. The ineptitude of its language was remarked upon in Village of Elbow Lake v. Holt, 69 Minn. 349, 72 N. W. 564. In our opinion, the language of section 280, G. S. 1913, prevents the application of section 1266 to municipal courts thereafter organized. As remarked by the learned trial judge, sections 1263-1266, G. S. 1913, "are still in force, and villages caring for the benefits of them have only to continue under the village justice of the peace plan, instead of electing to come within the provisions of the general Municipal Court Act." They must be taken now as applying only to prosecutions before justices of the peace for violations of village ordinances.

Further discussion of the statutes is unnecessary. Section 280, G. S. 1913, being a part of the revised law adopted in 1905 to regulate all municipal courts thereafter organized, controls. It makes applicable and provides for the adaptation to appeals from municipal courts of the general statutes in force at the time being concerning appeals from justice courts. We find in the latter one general law for appeals in civil actions, and another for appeals in criminal proceedings. For present purposes this is a criminal proceeding. The general statute concerning appeals in criminal proceedings was not followed. Therefore the appeal was properly dismissed.

Judgment affirmed.