## STATE v. ROBERT C. ILLINGWORTH.

154 N. W. (2d) 687.

December 1, 1967—No. 40,827.

*J. Derck Amerman, C. Paul Jones,* State Public Defender, and *Richard W. Swanson,* for appellant.

*Douglas M. Head,* Attorney General, *Howard, LeFevere, Lefler, Hamilton & Pearson,* and *James H. Sargent,* for respondent.

*Lynn Castner,* for Minnesota Affiliate American Civil Liberties Union.

PER CURIAM.

Defendant was convicted of indecent exposure in violation of Richfield Ordinance No. 11.04, section C, which makes such offense a misdemeanor punishable by imprisonment for up to 90 days, or $100 fine, or both. The case was heard and considered here at the same time and together with State v. Borst, 278 Minn. 388, 154 N. W. (2d) 888.

Illingworth appeared for jury trial in the Municipal Court of Hennepin County on February 23, 1967. He stated that he was unable financially to retain counsel because of his indigence and requested that the court appoint counsel to represent him. The trial court refused to do so, holding that appointed counsel was not available in misdemeanor or ordinance violation cases. Defendant was tried to a jury and found guilty, insisting throughout that he was unable to conduct his own defense. He was given a sentence of 45 days' imprisonment, which was suspended for one year. He appealed to this court.[1]

There is no claim in this case that defendant is not indigent. We have two questions: (1) Whether defendant in an ordinance violation has the right to appointed counsel; and (2) whether he has the right to appointed counsel in any misdemeanor.

With respect to the first, we think it is immaterial whether the prosecution is under state statute or city ordinance if the punishment is apt to be incarceration in jail. The impact on defendant is the same if he must go to jail, whether under a city ordinance or a state law.

With respect to the second question, the legal issue has been answered in State v. Borst, *supra,* and is controlling here.

Defendant is granted a new trial with instructions to proceed in accordance with State v. Borst, *supra.*

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.

---

[1] Appeals from the Municipal Court of Hennepin County are directly to this court, without appeal to the district court.