# STATE v. PAUL WILLIAM COLLINS.

154 N. W. (2d) 688.

December 1, 1967—No. 41,047.

C. Paul Jones, State Public Defender, for petitioner.

Douglas M. Head, Attorney General, Gerard W. Snell, Acting Solicitor General, Allen S. Anderson, County Attorney, and Robert Baker, City Attorney, for respondent.

PER CURIAM.

Defendant in this case was brought before the probate court of Yellow Medicine County sitting as a municipal court on August 17, 1967, charged with driving while under the influence of intoxicating liquor in violation of Minn. St. 169.121, a misdemeanor. Defendant pled not guilty and requested the court to appoint counsel on his behalf, which the court refused to do. He appeared on August 21 and again requested appointment of counsel. The court found he was unable to procure counsel on his own behalf but nevertheless denied his request for appointment of counsel on the grounds that Minn. St. 611.14 allows the appointment of a public defender only when a defendant is charged with a felony or gross misdemeanor.

This case has not yet proceeded to trial; it was adjourned in order that defendant might petition this court for relief. We issued our writ of prohibition, and the case was heard orally here together with State v. Borst, 278 Minn. 388, 154 N. W. (2d) 888, and State v. Illingworth, 278 Minn. 434, 154 N. W. (2d) 687. These cases involved the same question as here— whether a defendant in a misdemeanor case is entitled to have counsel appointed for him if he is financially unable to procure counsel himself.

Our decision in State v. Borst, supra, is controlling on the only issue presented here. If a defendant may be sentenced to a jail term, the court should appoint counsel to represent him in the trial of the case.

Writ made absolute.

PETERSON, JUSTICE (dissenting).

I dissent for the reason stated in my concurring opinion in State v. Borst, *supra.*