## STATE v. SHERRY THOMAS.

156 N. W. (2d) 745.

February 23, 1968—No. 41,136.

*Keith M. Stidd,* City Attorney, and *Austin D. Ditzler,* Assistant City Attorney, for appellant.

*Ellis Olkon,* for respondent.

NELSON, JUSTICE.

Sherry Thomas, defendant herein, was charged with the offense of prostitution on August 9, 1967, in violation of Minneapolis Code of Ordinances, § 870.110. The matter was continued to September 15, 1967, and defendant moved for dismissal of the charge September 13, 1967, upon the ground that the ordinance under which she is charged has been preempted by L. 1967, c. 507. After a hearing the court granted the motion and ordered the charge dismissed.

The city attorney filed a notice of appeal from the order, claiming the right to do so under Ex. Sess. L. 1967, c. 7. Defendant has moved to dismiss the appeal, contending that it is not authorized by this statute. We agree that the appeal must be dismissed.

We have held repeatedly that ordinances are not criminal statutes, ordinance violations are not crimes, and such violations are not governed by the rules of the criminal law of the state. Ordinances by definition are the laws of a municipality made by the authorized municipal body in distinction from the general laws of the state and constitute local regulations for the government of the inhabitants of the particular place. Thus, the violation of an ordinance, although quasi-criminal or criminal in nature, is not an offense against the state. Therefore, the mere fact that a prosecution under an ordinance is brought in the name of the state cannot change the basic character of the ordinance as local regulation for the government of the inhabitants of the municipality. Since the violation of an ordinance is not a criminal offense against the state but only against the municipality enacting it, prosecutions therefor need not conform to the provisions for prosecuting violations of state laws. Thus, constitutional and statutory provisions having reference to criminal prosecutions by the state have no application to violations of municipal ordinances

unless otherwise provided by statute or constitutional provision. Violations of an ordinance need not be proved beyond a reasonable doubt and such proceedings are not subject to or governed by the technicalities protecting defendants who are asked to answer for a crime against the state. See, 13A Dunnell, Dig. (3 ed.) §§ 6748, 6801, and cases cited; State v. End, 232 Minn. 266, 45 N. W. (2d) 378; State v. Ketterer, 248 Minn. 173, 79 N. W. (2d) 136; State v. Robitshek, 60 Minn. 123, 61 N. W. 1023, 33 L. R. A. 33.

The city contends on this appeal that for purposes of appellate procedure prosecutions for the violation of municipal ordinances are criminal actions. It cites Village of Crosby v. Stemich, 160 Minn. 261, 199 N. W. 918, which involved an attempted appeal to the district court from a conviction of an ordinance violation, and quotes therefrom (160 Minn. 262, 199 N. W. 919):

"Section 7602, G. S. 1913, as amended by chapter 283, p. 420, Laws 1917, applies to appeals from judgments of justices of the peace in civil actions. Appeals in criminal proceedings are governed by sections 7638 to 7643 inclusive, G. S. 1913. Violations of municipal ordinances are criminal offenses and trials therefor criminal proceedings, within the meaning of the statutes now in question."

In the Stemich opinion this court also stated that G. S. 1913, § 280, being a part of the revised law adopted in 1905 to regulate all municipal courts thereafter organized, controlled and that it made applicable to appeals from municipal courts the general statutes in force at the time concerning appeals from justice courts and provided for the adaptation of such statutes to appeals from municipal courts. We also said (160 Minn. 263, 199 N. W. 919):

"* * * We find in the latter one general law for appeals in civil actions, and another for appeals in criminal proceedings. For present purposes this is a criminal proceeding. The general statute concerning appeals in criminal proceedings was not followed. Therefore the appeal was properly dismissed."

It is clear, however, that Village of Crosby v. Stemich, *supra,* is not controlling or applicable to Ex. Sess. L. 1967, c. 7, which constitutes

"[a]n act relating to criminal proceedings; *providing for appeals by the state therein.*" (Italics supplied.) Section 1, subd. 1, of that chapter (Minn. St. 632.11, subd. 1) provides:

"In criminal cases the state may appeal in the following instances:

"(1)    From an order, the substantive effect of which is to dismiss an indictment, information or complaint.

"(2)    From an order granting a motion to quash an arrest warrant or a search warrant.

"(3)    From an order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement as provided in section 2 herein."

There is nothing in the entire chapter inferentially or expressly extending the right of appeal provided therein to municipalities. It is well established that "constitutional and statutory provisions having reference to criminal prosecutions by the state have no application to violations of municipal ordinances unless otherwise provided by statute or constitutional provision." State v. End, 232 Minn. 266, 271, 45 N. W. (2d) 378, 381.

The Stemich case concerned only one issue—that is, which of the two statutes should be followed in municipal courts established subsequent to the taking effect of R. L. 1905, in taking appeals from convictions of violations of municipal ordinances. The court in that opinion made it very clear that it was not making a general rule that for all purposes of appeal proceedings under ordinances are to be considered as criminal proceedings, but stated only that "[f]or present purposes this is a criminal proceeding." 160 Minn. 263, 199 N. W. 919. The court noted that though proceedings under ordinances may be criminal proceedings in some aspects they are not in all.

Appellant also cites City of St. Paul v. Stamm, 106 Minn. 81, 118 N. W. 154; State ex rel. King v. Ruegemer, 238 Minn. 440, 57 N. W. (2d) 153. In the King case the state applied to this court for a writ of certiorari to review an order quashing an indictment. We granted the defendant's motion to discharge the writ, stating the general rule to which this court was committed (238 Minn. 445, 57 N. W. [2d] 156):

"* * * [I]t is generally considered contrary to the principles of the

common law for the state to review such a judgment in favor of accused; and according to the weight of authority the state will be permitted to do so only where the power is *expressly conferred* by a constitutional or statutory provision, or arises by *necessary implication,* and then only in the instances specified and enumerated." (Italics supplied.)

In State v. Ketterer, *supra,* this court noted the distinction between proceedings under ordinances and those under statutes, saying that the criminal nature of the former is not such as to make equally applicable to defendants charged with ordinance violations all rights available to defendants charged with statutory crimes. However, appellant cites State v. Paulick, 277 Minn. 140, 151 N. W. (2d) 591, as authority for the proposition that the court applies criminal, constitutional standards to municipal prosecutions. We agree with this proposition. But the Paulick case does not consider or answer the question before this court relative to the scope of Ex. Sess. L. 1967, c. 7. It is clear from the language of the chapter that it deals only with procedure upon appeal *by the state.* Section 3(8) thereof (Minn. St. 632.13[8]) provides:

"Reasonable attorneys' fees shall be allowed to the defendant on such appeal which shall be *paid by the county in which the action is venued."* (Italics supplied.)

This language cannot be interpreted to apply to appeals by municipalities in ordinance violation cases. Thus, it is made clear that municipalities in this state were not granted the right of appeal given to the state by this chapter.

The appeal is dismissed.