STATE v. CHARLES LIPSCOMB.

183 N. W. (2d) 790.

February 12, 1971—No. 41779.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *John C. Brink,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Rogosheske, and Frank T. Gallagher, JJ.

PER CURIAM.

Appeal from a judgment of conviction and denial of a motion for a new trial after a guilty verdict on a charge of aggravated assault, Minn. St. 1967, § 609.225, subd. 1. Defendant contends that the evidence is not sufficient to support the verdict; that the trial court erred in permitting impeachment of defendant by the introduction of evidence of prior misdemeanor convictions; and that the court erred in denying a new trial on a showing that the testimony of a state's witness was coerced and false.

From the record it appears that about 2 a. m. on February 18, 1968, the victim, Charles Angiers, was visiting at the hotel apartment of one Beverly Hagenah, a divorcee with whom he had been acquainted at the bar where he worked. She had been keeping company with defendant, Charles Lipscomb, for some time. He apparently felt that he had a prior claim on her attentions. Shortly after Angiers came to the apartment,

Lipscomb arrived. He was told by Mrs. Hagenah that she had a guest, and he left. About a half hour later, he called her by phone, saying, "All right, what is going on?" and "I want to see you." She replied that she had company but would let him in if he returned.

When defendant returned, Angiers was sitting in a chair reading a newspaper. An argument immediately followed between defendant and Mrs. Hagenah during which he slapped her "quite hard across the head." Angiers testified that defendant "came in and hit Beverly, and I shoved him down on the couch, and he got up with a gun and shot me." Although defendant denies having brought a gun, the record indicates that both men had guns. Angiers testified that his gun remained in his coat which was hanging in the closet during the melee. Mrs. Hagenah testified that she saw defendant draw a pistol from his suede jacket. Defendant admitted that he shot Angiers. After the shooting, Mrs. Hagenah called the hotel desk for help. As defendant passed the desk on the way out, the hotel clerk asked him what was going on. He replied, "Pay no attention to her, she is just excited." Later in the morning of February 18, defendant was apprehended after a 1½-mile vehicle chase and a 1-block foot chase.

An examination of the record fully satisfies us that the verdict is supported by the evidence. The jury could find that defendant drew a pistol from his jacket pocket and shot the victim and that the act was not committed in self-defense. We must assume that the jury believed the state's witnesses and disbelieved anything which contradicted their testimony. State v. Ellingson, 283 Minn. 208, 167 N. W. (2d) 55; State v. Daml, 282 Minn. 521, 162 N. W. (2d) 240; State v. Keezer, 274 Minn. 292, 143 N. W. (2d) 627; State v. Dienger, 286 Minn. 436, 176 N. W. (2d) 528.

It is unnecessary to discuss the law as it applies to defendant's claim that the trial court erred in permitting the introduction of prior convictions for the purpose of affecting the weight of his testimony. The authorities on this issue have been fully reviewed and discussed in prior decisions of this court. State v. West, 285 Minn. 188, 173 N. W. (2d) 468. Those authorities do not support defendant's claim of error.

A review of the record further satisfies us that the trial court did not abuse its discretion in denying defendant's motion for a new trial on the basis that Mrs. Hagenah wished to amend or correct her testimony. State v. Klotter, 274 Minn. 58, 142 N. W. (2d) 568; State v. Ward, 225 Minn. 208, 30 N. W. (2d) 349; State v. Brehmer, 281 Minn. 156, 160 N. W. (2d) 669.

Defendant contends that the atmosphere in which the case was tried was charged with emotion and prejudice, as the result of which he was

denied a fair trial. As a result of the bullet wound, the victim was a paraplegic and unable to sit up by himself, and when he appeared in court to testify, he was brought in on a stretcher. Defendant also points out that the trial was held about the time of Senator Kennedy's assassination and contends that, because of all the publicity relating to that crime, a fair trial could not have been had and his case should have been continued. These assignments of error are based on mere assertions and not supported by any argument or authority. Such assignments of error will not be considered on appeal unless prejudicial error appears obvious on inspection of the record. We find none. Kaehler v. Kaehler, 219 Minn. 536, 18 N. W. (2d) 312; Lowe v. Patterson, 265 Minn. 42, 120 N. W. (2d) 313.

Defendant also claims that he should have a new trial because of inadequate counsel. He asserts that his counsel made a mistake in not securing a trial by court instead of by jury. This assignment is also without substance. Defendant chose his own attorney and acquiesced in his choice of a jury trial.

Affirmed.