# STATE v. JAMES MINGUS STEWART.

209 N. W. 2d 913.

July 20, 1973—No. 42822.

*Thomson, Wylde & Nordby* and *Jack S. Nordby,* for appellant.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster* and *Robert Kittel,* Assistant County Attorneys, for respondent.

*George M. Scott,* Hennepin County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for Minnesota County Attorneys Association and Minnesota Urban County Attorneys Board, amici curiae.

Heard before Knutson, C. J., and Otis, Rogosheske, and Todd, JJ. Reheard and considered en banc.

PER CURIAM.

Defendant appeals from the trial court's order denying his motion for judgment of acquittal or a new trial and from the judgment of conviction of manslaughter in the first degree. He alleges that he is entitled to a new trial on the grounds that the evidence clearly establishes grave doubts as to his guilt. Defendant further assigns as error the refusal of the trial court to restrain the prosecutor from impeaching the defendant by using evidence of his conviction for burglary some 9 years earlier in the State of Washington.

On Sunday, July 27, 1969, defendant in the company of friends appeared at the Ebony Lounge located in the city of St. Paul to hear a musician who was performing that evening. A sizable audience was in attendance. The defendant was carrying a .38-caliber revolver. At about 11 p.m. the deceased, Elmer Caldwell, arrived at the bar in the company of a female companion. He, too, was armed, with a .32-caliber automatic. Caldwell apparently was a co-owner of the bar and was generally regarded as a violent man. He drank excessively and had on one occasion, in the presence of the defendant, fired his revolver into the air. On another prior occasion in defendant's presence, Caldwell had shot a woman in the foot.

About midnight defendant approached a woman he had previously dated and requested her to leave the bar with him. Apparently she refused and there was some discussion. The manager of the Ebony Lounge came over and was able to quiet whatever disturbance there was. At this time the deceased interjected himself into the discussion and grabbed the defendant by the collar and raised him up and released him. At that point both men drew their guns and emptied them at one another.

The evidence is in dispute as to who fired first. In any event, the defendant, after emptying his gun, noticed the deceased still standing and ran from the lounge. The deceased, despite being struck by several bullets, was apparently able to turn and walk a slight distance before he collapsed. He died on the way to the hospital. Defendant alleged that he was unaware of the death of the decedent and afraid of the consequences of his actions that evening and fled to the State of Washington. Upon becoming aware that a fugitive warrant was out for his arrest, he submitted to the Washington authorities, waived extradition, and was returned to Minnesota for trial, bringing his hand gun back with him.

At the time of his first trial, the matter was submitted to a jury on the sole question of first-degree murder and resulted in a mistrial, when the jury was hopelessly deadlocked. In the sec-

ond trial, the matter was submitted on first-degree murder together with lesser included offenses of second-degree murder and first-degree manslaughter, and the jury returned the verdict of guilty of manslaughter in the first degree.

The issue before the court is the use of a 9-year-old prior burglary conviction as impeachment of defendant in a prosecution for first-degree murder where the jury returned a verdict of guilty of first-degree manslaughter. We reverse and remand for a new trial.

This court has carefully reviewed its decision in State v. West, 285 Minn. 188, 173 N. W. 2d 468 (1969). At this time, we again decline to revise our rule as enunciated in the West case.

However, in the instant case the court expresses grave doubts as to the propriety of the use of a 9-year-old burglary conviction in a prosecution for first-degree murder. The use of this old conviction in the prosecution under consideration appears to have little relevance to the truth-seeking process or to the present character of the defendant. In addition, as we have previously noted, the first trial of defendant resulted in a deadlocked jury and the second jury was out for more than 20 hours before returning a verdict of guilty to the lesser included offense. It is impossible to determine what weight, if any, the jury ascribed to the prior conviction, but the interests of justice mandate a new trial for defendant without the burden of such irrelevant testimony.

The opinion filed on April 21, 1972, in this case is withdrawn and this opinion is substituted in its place.

Reversed and remanded.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.