STATE, CITY OF ST. LOUIS PARK, v.
ROBERT R. BROWN.

209 N. W. 2d 920.

August 3, 1973—No. 43872.

*Katz, Taube, Lange & Frommelt* and *Emanuel Z. Kopstein,* for appellant.

*Richard C. Smith* and *John R. Owen,* for respondent.

PER CURIAM.

This is a prosecution by the the city of St. Louis Park against defendant for the offenses of leaving the scene of an accident and driving after suspension, offenses under both the city ordinances and the state statutes. After being convicted in municipal court, defendant appealed to the district court. The district court granted defendant's motion to dismiss the prosecution with prejudice on the ground that the city prosecutor had failed to attend the arraignment. This appeal is from an order denying the city's motion to vacate the earlier order and reinstate the case for trial.

Defendant contends that we should dismiss the appeal without considering the issues raised. He argues that the provisions of Minn. St. 632.11 to 632.13 govern the appeal and that the city did not comply with the procedural requirements of these provisions, among them the requirement that the prosecution file notice of appeal within 5 days of entry of the order appealed from.

The city's position is that the prosecution is one for an ordinance violation and that appeals in ordinance violation prosecutions should be governed by the Rules of Civil Appellate Procedure. The city contends that if these rules apply, its appeal is timely and otherwise proper and should not be dismissed.

In Village of Crosby v. Stemich, 160 Minn. 261, 199 N. W. 918 (1924), this court held that although prosecutions for ordinance violations are considered civil matters for some purposes, they should be considered criminal proceedings for purposes of appeal. We see no reason to change the rule in Stemich, especially in view of our decision in City of St. Paul v. Whidby, 295 Minn.

129, 203 N. W. 2d 823 (1972), in which we held that in ordinance violations arising after December 29, 1972, the rules of criminal procedure, along with the proof-beyond-a-reasonable-doubt standards and the unanimous-verdict standard, shall apply where the conviction might result in a penalty of incarceration. Therefore, we must reject the city's argument that this appeal is governed by the Rules of Civil Appellate Procedure.

The issue then becomes whether the appeal is authorized by and complies with Minn. St. 632.11 to 632.13. In State v. Thomas, 279 Minn. 326, 156 N. W. 2d 745 (1968), we reaffirmed our earlier holding in Stemich that ordinance violations should be considered criminal proceedings for purposes of appeal but held that §§ 632.11 to 632.13 applied only to appeals by the state and not to appeals by municipalities. Since the statute didn't apply and there was no similar statute authorizing appeals by municipalities, it followed that the court had to dismiss the appeal because, as this court held in State ex rel. King v. Ruegemer, 238 Minn. 440, 57 N. W. 2d 153 (1953), the right of the prosecution to appeal in criminal proceedings is contrary to common law and must be expressly conferred by statute or arise by necessary implication. We believe that it is unnecessary in this case to reconsider our holding in Thomas because the city did not comply with the procedural requirements of Minn. St. 632.13(2) pertaining to timely filing of notice of appeal.

Appeal dismissed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the submission, took no part in the consideration or decision of this case.