## CITY OF ST. PAUL v. CHARLES EMMETT HURD.

216 N. W. 2d 259.

March 22, 1974—No. 44180.

*R. Scott Davies,* City Attorney, and *A. Keith Hanzel* and *Frank E. Villaume III,* Assistant City Attorneys, for appellant.

*Richard H. Knutson,* Legal Assistance of Ramsey County, Inc., for respondent.

Heard before Todd, MacLaughlin, Yetka, and Scott, JJ., and considered and decided by the court.

SCOTT, JUSTICE.

Appeal from an order of the municipal court of St. Paul dismissing with prejudice the charge against the defendant under St. Paul Legislative Code, § 425.03. We dismiss this appeal.

The facts relevant to this appeal are not in dispute. The defendant, Charles Emmett Hurd, was arrested for possession of a firearm in violation of the above ordinance which provides in part:

"No person shall carry on his person, or have in his possession or control in any public place, any firearm, except as provided in Section 425.05 and except the following persons:

A. Peace Officers.

B. Military personnel while on duty.

C. Persons holding special police commissions while carrying on their occupations.

D. Employees of the Como Zoo and persons working under the supervision and control of the Director of said Zoo * * *."

The trial court specifically ruled that St. Paul Legislative Code, § 425.03, is "unconstitutional in that it prohibits a person from even possessing a gun within the City limits."

The right of a municipality to appeal from a dismissal of an action involving an ordinance violation has been before this court previously. In State ex rel. King v. Ruegemer, 238 Minn. 440, 57 N. W. 2d 153 (1953), we held that the right of the prosecution to appeal in criminal proceedings is contrary to common law and therefore must be expressly conferred by statute or must arise by necessary implication.

Minn. St. 632.11, subd. 1, enacted in 1967, provides:

"In criminal cases the state may appeal in the following instances:

(1) From an order, the substantive effect of which is to dismiss an indictment, information or complaint.

(2) From an order granting a motion to quash an arrest warrant or a search warrant.

(3) From an order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement as provided in section 632.12." [1]

Defendant contends that while § 632.11, subd. 1, expressly authorizes appeals by the state in certain instances, it makes no mention of appeals by municipalities. Therefore, he contends that this statutory language must control when coupled with our decision in State v. Thomas, 279 Minn. 326, 156 N. W. 2d 745 (1968) that municipalities were not granted the right of appeal given to the state under the above statute.

In State, City of St. Louis Park, v. Brown, 297 Minn. 109, 110, 209 N. W. 2d 920, 921 (1973), this court stated:

"In Village of Crosby v. Stemich, 160 Minn. 261, 199 N. W. 918 (1924), this court held that although prosecutions for ordinance violations are considered civil matters for some purposes, they should be considered criminal proceedings for purposes of appeal. We see no reason to change the rule in Stemich, especially in view of our decision in City of St. Paul v. Whidby, 295 Minn. 129, 203 N. W. 2d 823 (1972), in which we held that in ordinance violations arising after December 29, 1972, the rules of criminal procedure, along with the proof-beyond-a-reasonable-doubt standards and the unanimous-verdict standard, shall apply where the conviction might result in a penalty of incarceration. Therefore, we must reject the city's argument that this appeal is governed by the Rules of Civil Appellate Procedure."

In the Brown case, involving an ordinance violation, this court then dismissed the appeal, applying the procedural requirements

---

[1] Ex. Sess. L. 1967, c. 7, created Minn. St. 632.11 to 632.13, effective July 1, 1967.

of § 632.13(2) pertaining to timely filing of notice of appeal (part of the same legislative enactment as § 632.11, subd. 1).

This court has already applied much of the Minnesota criminal procedure to prosecutions for ordinance violations as well as sections of the very statutes with which we are here concerned. It is therefore consistent that we apply all the provisions of Minn. St. 632.11 to 632.13 to municipalities in cases of ordinance violations.

In extending this right of appeal to municipalities, it is imperative that the limitations imposed by statute upon state appeals also become applicable to municipal bodies. See, State v. Kinn, 288 Minn. 31, 178 N. W. 2d 888 (1970) ; State v. Maki, 291 Minn. 427, 192 N. W. 2d 811 (1971).

Although we have granted to the municipality the right to appeal in limited situations, the appeal before us must be dismissed upon other grounds. The conclusion that this court does not have jurisdiction to hear this appeal is based upon § 632.13, which reads in part as follows:

"The procedure in appeals provided for in section 632.11 shall be as follows:

\* \* \* \* \*

"(6) The appeal may be heard before the supreme court when it is in session upon application of either party to such court or a justice thereof. *The date of hearing shall not be more than six months after entry of the order staying proceedings. The supreme court shall not have jurisdiction to hear any such appeal after six months after entry of the order staying proceedings and in such cases the lower court shall then proceed as if no appeal had been taken.*" (Italics supplied.)

The requirements of § 632.13(2) have been satisfied in that the ruling of the municipal court was made on January 17, 1973, and the notice of appeal was filed on January 22, 1973. However, for purposes of § 632.13(6), the written order was made on April 25, 1973, filed on April 26, 1973, and the case was set for hearing

on December 6, 1973, well beyond the 6-month time limitation.

It is the obvious intent of the 6-month limitation to guarantee the constitutional right to a speedy trial, rather than the establishment of procedure that this court must follow. It therefore is incumbent upon the state or the municipality to inform the clerk of court of the urgency of setting these matters for hearing. The procedural requirements must be satisfied in all appeals by the state or the municipality, and failure to meet them precludes this court from an exercise of its jurisdiction to hear an appeal. Such a ruling is supported by the theory that the right of the state to appeal in criminal cases is not a common-law right, and therefore rests upon statutory language or implication arising therefrom.

We must further consider the effect of the order of the municipal court which dismissed "with prejudice" the charge against the defendant. A recent Pennsylvania case considered the issue of whether a dismissal "with prejudice" bars a subsequent re-arrest and hearing on the same charges. In Commonwealth ex rel. Douglass v. Aytch, 225 Pa. Super. 195, 200, 310 A. 2d 313, 315 (1973), the court stated:

"In the instant case, where Commonwealth produced no evidence in the first extradition proceeding and, in fact, moved for the dismissal of the case for failure to prosecute the matter in a timely fashion, the use of the words 'with prejudice' could only bar the Commonwealth from proceeding on the *same* detainer. We believe that the lower court properly concluded that the use of the words 'with prejudice', was superfluous."

In a jury case, jeopardy attaches when the jury is impaneled and sworn. State v. Sommers, 60 Minn. 90, 61 N. W. 907 (1895). In a trial to the court sitting without a jury, jeopardy attaches when the first evidence is presented. Minn. St. 632.11, subd. 2(1); 22 C. J. S., Criminal Law, § 241; Continuing Legal Education, Minnesota Criminal Law & Procedure, § 13.2. In the case before us, inasmuch as jeopardy has not attached, we must con-

clude that the use of the phrase "with prejudice" by the lower court was inconsequential.

In State v. Maki, *supra,* where the magistrate's dismissal of the complaint did not necessarily defeat or terminate the prosecution, this court stated (291 Minn. 428, 192 N. W. 2d 812):

"* * * The prosecutive authorities may, by further appropriate proceedings, pursue the matter, either by presenting it to another magistrate or by presenting facts relating to the alleged offense to a grand jury for indictment. An appellate court should not be required to review the issue of probable cause in every preliminary examination before the magistrates of this state."

The municipality has a right in such situations to exercise its discretion under the above decision.

We believe that it is unnecessary in this case to consider the issue raised as to the constitutionality of the municipal ordinance because the city did not comply with the procedural requirements of § 632.13(6).

Appeal dismissed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

MR. JUSTICE KNUTSON took no part in the consideration or decision of this case.