## CITY OF ST. PAUL v. CARL DiBUCCI.

229 N. W. 2d 507.

May 9, 1975—No. 44682.

*Connolly & Heffernan* and *John S. Connolly,* for appellant.

*R. Scott Davies,* City Attorney, and *Philip B. Byrne,* Assistant City Attorney, for respondent.

Heard before Peterson, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

MacLaughlin, Justice.

The sole issue in this case is whether a defendant testifying on his own behalf may have his credibility impeached by evidence of a prior conviction of a municipal ordinance. We hold that he cannot and reverse for a new trial.

Defendant, Carl DiBucci, was found guilty of simple assault by a district court jury in a de novo trial following his appeal from a conviction in the municipal court of St. Paul. During his trial in district court, while defendant was testifying on his own behalf, the city attorney attempted to impeach defendant's credibility by introducing evidence of a prior conviction of an ordinance violation. The previous conviction, for unlawful appropriation of goods under a Roseville municipal ordinance, occurred in May 1973. Defendant, out of the presence of the jury, unsuccessfully objected to the admission of the ordinance violation conviction. The trial court gave an appropriate precautionary instruction to the jury on the use of such evidence for impeachment purposes only.

Minn. St. 595.07 provides in relevant part:

"Every person convicted of crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony * * *."

Section 609.02, subd. 1, provides:

" 'Crime' means conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine."

Section 595.07 has been interpreted by this court to permit the impeachment of witnesses by evidence of prior convictions of either felonies or misdemeanors. State v. Lipscomb, 289 Minn. 511, 183 N. W. 2d 790 (1971); Brase v. Williams Sanatorium, Inc. 192 Minn. 304, 256 N. W. 176 (1934); State v. West, 285 Minn. 188, 173 N. W. 2d 468 (1969). However, we have consistently held that evidence of prior convictions of municipal ordi-

nance violations is not admissible for impeachment purposes. State v. Currie, 267 Minn. 294, 126 N. W. 2d 389 (1964); Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 212 N. W. 413 (1927). The principal reasons advanced for excluding convictions for municipal ordinance violations from the general rule have been that municipal ordinance violations were not considered criminal offenses, and that such violations were not governed by the rules of criminal law. Carter v. Duluth Yellow Cab Co. *supra*. See, State v. Robitshek, 60 Minn. 123, 61 N. W. 1023 (1895).

Respondent, city of St. Paul, takes the position, shared by the trial court, that our recent decision in City of St. Paul v. Whidby, 295 Minn. 129, 203 N. W. 2d 823 (1972), necessarily leads to the conclusion that post-Whidby ordinance convictions should now be admissible for the purpose of impeachment. In Whidby, we held that, in all trials for violations of municipal ordinances which may result in imprisonment, the defendant is entitled to a presumption of innocence until proved guilty beyond a reasonable doubt. We also held that convictions of ordinance violations must be based upon unanimous verdicts and that accepted rules of criminal procedure must be followed. The basis for our holding in Whidby was that a judicial proceeding which may result in a defendant's incarceration is one seriously affecting his rights and should therefore be conducted as a criminal proceeding.

Hence, in those cases in which a defendant risks incarceration, Whidby has afforded one who is charged with the violation of an ordinance the same rights as defendants in other criminal proceedings. The question we confront in this case, then, is whether the defendant convicted of an ordinance violation should also be subjected to the rule that that conviction may be used against him in later trials to impeach his credibility as a witness.

Much has been written of the wisdom and fairness, or lack thereof, of admitting prior convictions for the purpose of impeachment. This court held in State v. West, *supra,* that the prosecutor has absolute discretion to use prior felony or misde-

meanor convictions to impeach a defendant who is testifying in his own behalf in a criminal proceeding.[1]

Support for the West rule rests on a belief that it aids the jury by allowing the jury to see "the whole person" and thus to judge better the truth of his testimony. The trial court, of course, is obligated to caution the jury that the conviction may be considered only as it relates to the credibility of the witness. In other words, the jury is instructed not to use the evidence of conviction of prior crimes to determine whether the defendant committed the crime charged, but only for the limited purpose of evaluating the credibility of the defendant. Whether that instruction sufficiently overcomes the possible prejudicial effect of admitting the record of conviction has been the subject of considerable discussion. This, of course, leads to the ultimate question of whether the probative value of admitting evidence of the prior conviction for impeachment purposes outweighs its possible prejudicial effect upon the jury.

After carefully considering the underlying rationale of the West rule, we have concluded that we will not overrule our prior decisions and will not extend the West rule to convictions of ordinance violations. That conclusion is based on the following considerations:

(1)   Minn. St. 595.07, the pertinent statute, provides that a person "convicted of [a] crime" may have that conviction proved in subsequent court proceedings to affect the weight of his testimony as a witness.

---

[1] An advisory committee has been appointed by this court charged with the duty of recommending rules of evidence for this court's consideration which will include, presumably, recommendations to the court concerning the rule promulgated in State v. West, 285 Minn. 188, 173 N. W. 2d 468 (1969). See, also, State v. Stewart, 297 Minn. 57, 209 N. W. 2d 913 (1973). In the meantime, Rules of Evidence for United States Courts and Magistrates have been adopted, to be effective July 1, 1975. P. L. 93-595, U. S. C. Cong. & Adm. News, 93d Cong. Second Session. See, Rule 609, Impeachment by Evidence of Conviction of Crime.

Section 609.02, subd. 1, provides that "[c]rime means conduct which is prohibited by statute * * *." Since ordinance violations are not statutory, we hold that, for the limited and narrow purpose of the issue in this case, an ordinance violation is not a crime as that word is used in § 595.07, and therefore the statute does not apply to convictions based upon the violation of an ordinance.

(2) As a matter of sound public policy, and in the interest of justice, we believe that the conviction of an ordinance violation should not follow a defendant through future litigation in which he may be a party or a witness. Ordinance violations generally involve petty offenses, with penalties less serious than statutory violations; it is reasonable to assume, therefore, that defendants more readily plead guilty to such charges and are less likely to fully exercise their rights, including the right to appeal. This, in turn, leads to the conclusion that convictions of ordinance violations, because of the nature of the offenses involved, may be of doubtful reliability as evidence of the credibility of a witness and that their prejudicial effect upon a jury may therefore outweigh their probative value.

Whidby was intended to afford certain due process and statutory protections to defendants, but was not intended to take away from the convicted ordinance violator a right which he previously possessed, namely, the right to insist that previous convictions of ordinance violations not be used against him in a subsequent trial. While the threat of incarceration is sufficient to require that an accused ordinance violator be entitled to the rights of other alleged criminals, the conviction of an ordinance violation does not in our judgment rise to the level of such probative value as to place it in the same classification as the conviction of a felony or a misdemeanor. As a result of these considerations, we believe that the admission of evidence of prior convictions of ordinance violations for purposes of credibility impeachment will have a net prejudicial effect upon the rights of the accused.

For the foregoing reasons, we reverse and remand for a new trial.

SCOTT, JUSTICE (dissenting).

I disagree with the majority opinion mainly because it deviates from a current trend in the Minnesota law. This court has steadily moved toward equality with regard to the rights of the accused in all criminal proceedings, yet it appears that the majority is at this time taking a step backward, or at least not adhering to the movement in the field of criminal justice that we have considered healthy and just.

This pattern of progression was initially employed by the court when examining the theory that a municipal ordinance was not a criminal statute, that its violation was therefore not a crime, and that the rules of criminal law were inapplicable. State v. Robitshek, 60 Minn. 123, 61 N. W. 1023 (1895). This court concluded, in Village of Crosby v. Stemich, 160 Minn. 261, 199 N. W. 918 (1924), that although prosecutions for ordinance violations are treated as civil matters for some purposes, they are to be considered criminal proceedings for purposes of appeal.

This initial step has now culminated in this court's repeated efforts to afford the same rights and procedural standards to proceedings involving ordinance violations as are applied to proceedings involving felonies, gross misdemeanors, and misdemeanors. In State v. Borst, 278 Minn. 388, 154 N. W. 2d 888 (1967), and State v. Illingworth, 278 Minn. 434, 154 N. W. 2d 687 (1967), this court held that an indigent defendant was entitled to the assistance of counsel, without regard to whether he was charged with an ordinance violation or a violation of a statute. Until City of St. Paul v. Whidby, 295 Minn. 129, 203 N. W. 2d 823 (1972), the standard of proof applied in city ordinance violations was the civil standard of a preponderance of the evidence. In Whidby, we held that the rules of criminal procedure, as well as the proof-beyond-a-reasonable-doubt standard and the unanimous-verdict standard, shall apply where the conviction might result in a penalty of incarceration. In City of St. Paul v.

Hurd, 299 Minn. 51, 216 N. W. 2d 259 (1974), this court extended the rights of appeal afforded the state in criminal proceedings to include municipalities. Such appeals are governed by the pertinent statutory requirements. State, City of St. Louis Park, v. Brown, 297 Minn. 109, 209 N. W. 2d 920 (1973). In a more recent case, this court stated that Minn. St. 609.035, which applies by its terms to "offenses under the laws of the state" in proscribing serialized prosecutions, includes ordinance violations which might result in incarceration. State v. White, 300 Minn. 99, 219 N. W. 2d 89 (1974).

Rule 1.01 of the Rules of Criminal Procedure, adopted by this court, and effective July 1, 1975, provides in part:

"* * * Except where expressly provided otherwise, misdemeanors as referred to in these rules shall include state statutes, local ordinances, charter provisions, rules or regulations punishable either alone or alternatively by a fine or imprisonment of not more than 90 days."

Rule 26.01, subd. 1(1)(a), of the newly adopted rules provides that defendants charged with misdemeanors, which by definition includes ordinance violations, shall have a right to a jury trial in the first instance in county court. This is but another step in the progression of ordinance violation procedures and improves upon the former two-tiered system under which an accused was entitled to a jury trial only in the district court after a plea or court trial in the municipal court. State v. Leininger, 286 Minn. 555, 176 N. W. 2d 629 (1970); City of St. Paul v. Hitzmann, 295 Minn. 301, 204 N. W. 2d 417 (1973).

As exemplified above, our purpose in recent years has been to provide uniformity, not only geographically but intrinsically, within the entire field of criminal justice.

There is apparent concern that such offenses as traffic ordinance violations would be labeled "criminal" and therefore be used for impeachment, when evidence of such violations in fact had no probative value. Such is neither suggested here nor per-

missible under the theory espoused in State v. Stewart, 297 Minn. 57, 209 N. W. 2d 913 (1973), where we expressed grave reservations as to the propriety of using a 9-year-old burglary conviction for impeachment purposes in a prosecution for first-degree murder. We stated that the use of the old conviction appeared to have little relevance to the truth-seeking process or to the present character of the defendant. An expansion of this theory would allow an exercise of discretion by the trial court as to whether the prior misdemeanor conviction is admissible for impeachment purposes. To be considered, therefore, is whether the conviction is germane to any determination of the honesty or veracity of the defendant. A negative finding by the trial court would preclude admissibility.

It would seem to me that, being mindful of the progress which has been made in abolishing this false and baseless distinction between ordinance violations and misdemeanors, it would be more logical to take the path suggested above rather than to reconstruct this wall of legal papier mache.

The majority view is inconsistent with all that we have accomplished in recent years.

PETERSON, JUSTICE (dissenting).

I join in the dissent of Mr. Justice Scott.

KELLY, JUSTICE (dissenting).

I join in the dissent of Mr. Justice Scott.

MR. JUSTICE KNUTSON took no part in the consideration or decision of this case.