STATE of Minnesota, Respondent,

v.

Charles Jack WIDELL, Appellant.

No. C9–86–639.

Court of Appeals of Minnesota.

Sept. 16, 1986.

Review Denied Oct. 22, 1986.

Hubert H. Humphrey, III, Atty. Gen., Alan L. Mitchell, St. Louis Co. Atty., Vernon D. Swanum, Asst. Co. Atty., Duluth, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ., with oral argument waived.

## MEMORANDUM OPINION

WOZNIAK, Judge.

Charles Widell was convicted of felony theft in violation of Minn.Stat. § 609.52, subds. 2(1) and 3(2) (1984). On appeal, he contends the trial court abused its discretion by admitting evidence of two prior felony convictions to impeach his testimony and that there was insufficient evidence to support the jury's verdict. We affirm.

### FACTS

On November 30, 1985, appellant was arrested and charged with felony theft for stealing a $499 video cassette recorder (VCR) from a Target store in Duluth. At appellant's jury trial, a store security officer testified that he saw appellant pick up the VCR and followed him as he walked towards the front of the store. ·Appellant walked quickly through two rows of checkout lanes and did not stop or attempt to pay for the VCR. The officer started to run when he saw appellant "jogging" towards the exit. He caught up to him outside the store, a few feet from a car that was parked with its motor running.

Appellant admitted that he carried the VCR through the checkout counter, but claimed he was still in the foyer between two sets of doors when the officer caught him. When asked if he intended to steal the VCR, appellant said: "I did, but I had a change of heart at the very last second." He said he was just about to "turn around and leave it inside" when he was caught. The jury found appellant guilty as charged and he was sentenced to imprisonment for 22 months.

### DECISION

1. A prior felony conviction may be admitted to impeach a witness if the trial court finds that its probative value outweighs its prejudicial effect. Minn.R.Evid. 609(a)(1) (1986); *see also State v. Jones*, 271 N.W.2d 534, 537–38 (Minn.1978). Here, the jury had to determine whether testimony given by the security guard or by appellant was the more credible. We agree with the trial court that the jury was entitled to know appellant was a convicted felon. *See City of St. Paul v. DiBucci*, 304 Minn. 97, 229 N.W.2d 507 (1975). The trial court properly reduced the possibility of undue prejudice by excluding five other felony convictions. We find no abuse of discretion.

2. Appellant's claim that there was insufficient evidence lacks merit. We must assume the jury believed the security officer, who watched appellant carry the VCR out of the store without paying for it. *See State v. Wahlberg*, 296 N.W.2d 408, 411 (Minn.1980). Appellant's claim that he had a "change of heart" just before he got caught was incredible and unworthy of the jury's belief. The jury could have reasonably concluded appellant was guilty of felony theft because he took the VCR with the intent to retain it for his own personal use.

Affirmed.