## STATE, VILLAGE OF EDEN PRAIRIE, v. LARRY RICHARD HOUSMAN.

180 N. W. (2d) 251.

October 9, 1970—No. 42467.

*Perbix, Harvey & Simons,* for appellant.
*Comer & McGraw* and *W. B. Haas,* for respondent.

Heard before Knutson, C. J., and Nelson, William P. Murphy, Otis, and James F. Murphy, JJ.

PER CURIAM.

The state appeals under Minn. St. 632.11 from an order denying a continuance and dismissing, for lack of prosecution, a charge of driving under the influence of alcohol in violation of § 169.121. We affirm.

Defendant was arrested on November 7, 1969, in the village of Eden Prairie. At a pretrial conference in the municipal court of Hennepin County at Wayzata on the afternoon of February 24, 1970, the court set the matter for trial at 9:30 the following morning. The arresting officer came on duty at 10 p. m. that night and at 10:30 p. m. advised the prosecution that he would be out of town on business at the time set for hearing. This information was communicated to the presiding judge at 7:30 a. m. the next day with a request for a continuance, which was denied. At the time of hearing in open court, the prosecutor moved that the matter be continued, or in the alternative that it be dismissed without prejudice. The motion was resisted by defendant.

The court in ruling on the motion stated as follows:

"* * * It has been the policy of the Court, as set forth by the Bench unanimously at a Bench meeting, not to grant a dismissal at this point with prejudice. In other words, a dismissal would have to be without prejudice. That matter was discussed at some length by the Bench and it was voted on and, I have to feel, is the order that I am bound by.

* * * * *

"* * * Accordingly, I will dismiss the case. The dismissal will not be marked either way, it will just be a dismissal of the case. It will be dismissed, however, for lack of prosecution.

"MR. HAAS: Your Honor, may I ask one more thing?

"THE COURT: All right.

"MR. HAAS: May I ask that the Court indicate to the State that it is the indication of the Court, although not a directive of the State, that this matter not be pursued further.

"THE COURT: It would be the recommendation of the Court—the defendant has appeared, and it would be the Court's recommendation that the matter not be pursued in this particular case. The record will show, however, it is a dismissal; and the reason for the dismissal would be lack of prosecution. It is not a dismissal either with or without prejudice, it is just a dismissal."

Since we construe the court's order dismissing "for lack of prosecution" as a dismissal without prejudice, its refusal to grant a continuance is for practical purposes rendered moot.

We have no rule or statute precisely in point.[1] However, a number of Federal courts have passed on similar orders in applying Rule 48(a), Federal Rules of Criminal Procedure, which reads thus:

"The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

Notes of Advisory Committee on Rules, Note to Rule 48(b), states:

"This rule is a restatement of the inherent power of the court to dismiss a case for want of prosecution."

The leading case is Mann v. United States, 113 App. D. C. 27, 304 F. (2d) 394, certiorari denied, 371 U. S. 896, 83 S. Ct. 194, 9 L. ed. (2d) 127. The trial court there, in dismissing "for want of prosecution," clearly expressed its intent to dismiss without prejudice. The United States Court of Appeals held that such a dismissal is not equivalent to a finding that defendant has been denied his Sixth Amendment right to a speedy trial. If that were the case, the court said, the trial court should have expressly noted that the dismissal was with prejudice. Other courts have squarely held that where there is a dismissal for lack of prosecution under the rule it is a dismissal without prejudice. United States v. Cephas (D. C. App.) 204 A. (2d) 572; United States v. Dorrego (D. Puerto Rico) 17 F. R. D. 340; United States v. Kennedy (D. C. App.) 220 A. (2d) 322; United States v. Mark II Electronics of Louisiana (E. D. La.) 283 F. Supp. 280; United States v. Chase (4 Cir.) 372 F. (2d) 453, 463; Cohen v. United States (9 Cir.) 366 F. (2d) 363, 367.

In the light of these authorities and because the court here did not direct but merely recommended that the prosecution not be pursued, the effect of the order was to grant the state's alternative motion. Consequently, it is affirmed.

Pursuant to Minn. St. 632.13(8) defendant is allowed $150 attorney's fees. Neither party shall be allowed costs or disbursements.

Affirmed.

Mr. Justice Kelly, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.

---

[1] Minn. St. 611.04 applies only to felonies which have not been brought to trial promptly.