## CITY OF ROCHESTER v. ALLEN GALE STEVENS.

220 N. W. 2d 497.

July 26, 1974—No. 45038.

*Gerald H. Swanson,* City Attorney, and *Donald L. DeVaughn,* Assistant City Attorney, for appellant.

*Zeigler, Colvin & Peterson* and *Rick F. Colvin,* for respondent.

PER CURIAM.

The state seeks leave to appeal from an order of a three-judge Olmsted County District Court panel affirming a pretrial order of the Olmsted County County Court which suppressed evidence in a prosecution for violation of a Rochester city traffic ordinance. We do not consider the appeal because the state did not comply with the procedural requirements of Minn. St. 632.13 (2) pertaining to timely filing of notice of appeal. State, City of St. Louis Park, v. Brown, 297 Minn. 109, 209 N. W. 2d 920 (1973).

In State v. Beckman, 296 Minn. 443, 209 N. W. 2d 402 (1973), this court held that while § 632.11 authorizes appeals by the state from pretrial suppression orders of the county court, such appeals must be taken first to the district court and then to the supreme court, only with leave of the supreme court. In Beckman we stated that the appeal provisions of the County Court Act, Minn. St. 487.39, should prevail over any inconsistent provision of the statutes dealing with appeals by the prosecution in criminal cases, §§ 632.11 to 632.13. Since § 487.39 says nothing about the time within which appeals must be taken to the supreme court, the times are the same as in other cases which means that appeals by the state in criminal cases must comply with § 632.13 (2). That section provides that an appeal by the state pursuant to § 632.11 must be made by filing a notice of appeal within 5 days of the entry of the order. Here the state did not immediately appeal from the order of the district court but instead petitioned for rehearing. However, it did not file this petition until 11 days after the order was filed, which was 6 days after the time to appeal to the supreme court had expired. The state could not revive the right to appeal by petitioning for rehearing and then appealing from the order denying the petition. This is because this court has held in numerous cases that where the right of appeal from an unvacated appealable order has expired, the right of ap-

peal is not revived by a negative order on a second motion for the same relief. Kloos v. Soo Line Railroad, 282 Minn. 168, 163 N. W. 2d 567 (1968). This being so, we do not have to decide whether the state's appeal would otherwise merit consideration.

Defendant is awarded attorneys fees in the amount of $350 pursuant to Minn. St. 632.13 (8).

Appeal dismissed.