STATE of Minnesota, Appellant,

v.

Bonnie REISEWITZ, Respondent.

No. 47767.

Supreme Court of Minnesota.

Dec. 16, 1977.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, App. Div., David W. Larson, Phebe S. Haugen, and Lee W. Barry, Asst. County Attys., Minneapolis, for appellant.

William R. Kennedy, County Public Defender, Gerard W. Snell, Robert T. Dolan, and Thomas G. Drake and David Murrin, Asst. Public Defenders, Minneapolis, for respondent.

Heard before SHERAN, C. J., and PETERSON and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

The state appeals [1] from an order of April 22, 1977, in district court, dismissing a criminal complaint on grounds of a denial of defendant's right to a speedy trial.

Two issues are raised: First, whether the state's appeal is proper and timely; and, second, whether the dismissal of the complaint on grounds of a violation of the defendant's right to a speedy trial was an abuse of discretion on the part of the trial court. We do not reach the second issue. Having concluded that the state's appeal is improper and untimely, we dismiss the appeal.

On August 2, 1976, the state filed a complaint charging defendant Bonnie Jean Reisewitz with violation of Minn.St. 1974, § 609.56 (aggravated arson) and Minn.St. § 609.05 (liability for crimes of another), and specifically, that she participated with her employer, Louis Graca, D.D.S., in a scheme to hire Ronald Teetzel to burn Dr. Graca's insured business premises. In response to defendant's written demand for disclosure, the state, on August 26, 1976, filed a certificate of nondisclosure, pursuant to Rule 9.01, subd. 3(2), Rules of Criminal Procedure, to withhold the identities of key informants and witnesses "X" and "Y" until the commencement of trial. The reason stated was the risk of "physical harm or coercion" of the witnesses in connection with the Teetzel prosecution. The defendant thereupon executed a written waiver of a speedy trial, upon the state's assurances that the Teetzel prosecution would precede her own and the protected information made available immediately thereafter. The defendant agreed to a continuance to a trial date certain of November 30, 1976. Subsequently, on November 30, 1976, December 3, 1976, January 17, 1977, and March 21, 1977, the state requested and received further continuances, not opposed by defendant, but agreed to with reluctance because of her inability to prepare her case pending the Teetzel prosecution.

On April 18, 1977, Judge Irving C. Iverson dismissed the complaint on defendant's motion, stating on the record:

" * * * It is my very strong feeling that every defendant charged with the commission of a crime has a right to have a determination speedily as to his guilt or innocence, one way or another * * * I think in fairness to this defendant she should have the case dismissed."

Later that day the defendant was arrested on a reissued complaint identical to the one dismissed by Judge Iverson. Moreover, although the defendant had dutifully made nine separate appearances during an eight-month period while free on her own recognizance, she was held in jail overnight due to the bail recommendation by the county attorney.

On April 19, 1977, after listening to argument of counsel on the propriety of the new complaint, Judge Iverson stated, "I dismissed this matter yesterday without prejudice on your motion because I felt that this particular defendant had been denied a speedy trial * * *." Later that afternoon the court took defense counsel's renewed motion for dismissal with prejudice under advisement.

On April 22, 1977, the assistant county attorney, appearing to oppose defendant's renewed motion, inquired "as to whether the dismissal by this court on the first complaint was for a denial of a speedy trial" and the court replied, "It was." Judge Iverson further stated:

1. The state appeals pursuant to Rule 29.03, subd. 1, Rules of Criminal Procedure, which permits such an appeal from any pretrial order in any felony or gross misdemeanor case except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minn.St. 631.21.

" * * * [T]he dismissal I granted initially, whether I used the term 'with prejudice' or not, it is with finality. * *

* * * * * *

* * * I have stated my reasons on the record * * *. We can cover those dates from August of 1976, up to the time when I granted the dismissal * * *. It is for the violation of this defendant's right, constitutional right of a speedy trial."

On April 29, 1977, the state filed a notice of appeal from the order of April 22, 1977, dismissing criminal charges against the defendant.

Rule 29.03, subd. 2, Rules of Criminal Procedure, allows the state 5 days within which to perfect an appeal from pretrial orders in felony cases.[2] The state contends that the first dismissal, ordered April 18, 1977, was nonappealable because it was based on unnecessary delay in prosecution rather than denial of a speedy trial. *City of St. Paul v. Halvorson,* 301 Minn. 48, 221 N.W.2d 535 (1974); *State, Village of Eden Prairie v. Housman,* 288 Minn. 546, 180 N.W.2d 251 (1970). The only recourse left to the state was reissuance of the complaint. *State v. Maki,* 291 Minn. 427, 192 N.W.2d 811 (1971). Thus, the April 22, 1977, dismissal, on Sixth Amendment grounds, was a final order permitting the state to appeal to this court.

We do not agree. The first dismissal on April 18, 1977, was expressly ordered on the grounds that prosecutorial delay had amounted to a violation of defendant's Sixth Amendment right to a speedy trial. That dismissal was a constitutional impediment to further proceedings and a pretrial order appealable under Rule 29.03, subd. 1, Rules of Criminal Procedure. Reissuance of the complaint and the subsequent dismissal of the reissued complaint could not extend the time period allowed under Rule 29.03, subd. 2(3). See, *City of Rochester v. Stevens,* 300 Minn. 458, 220 N.W.2d 497 (1974), and *Kloos v. Soo Line Railroad,* 282 Minn. 168, 163 N.W.2d 567 (1968).

If the state was in doubt as to the nature of the dismissal on April 18, 1977, at which time Judge Iverson expressed his "very strong feeling that every defendant charged with the commission of a crime has a right to have a determination speedily as to his guilt or innocence," every vestige of that doubt should have been removed by the following statement of Judge Iverson on April 19, 1977: "I dismissed this matter yesterday * * * because I felt that this particular defendant had been denied a speedy trial." An appeal filed on that date would have come well within the prescribed time limit. The present appeal is neither timely nor proper and is dismissed.

Dismissed.

IVERSON, J., took no part in the consideration or decision of this case.

---

**2.** Rule 29.03, subd. 2, Rules of Criminal Procedure, states: "The procedure upon appeal by the prosecuting authority shall be as follows:

"(1) * * * Upon oral notice that the prosecuting authority intends to appeal as of right or petition for permission to appeal, the trial court shall order a stay of proceedings of five (5) days in felony and gross misdemeanor cases to allow time to perfect appeal * * *.

* * * * * *

"(3) * * * Within five (5) days of entry of the order staying proceedings, the prosecuting authority shall file with the clerk of the court a notice of appeal, together with an affidavit of service of said notice upon opposing counsel, and upon the attorney general of the State of Minnesota, and a copy of the written request to the court reporter for such transcript of the proceedings as appellant deems necessary."