STATE of Minnesota, Appellant (51643), Petitioner (51613),

v.

Bruce C. WOLLAN, Respondent.

Nos. 51643, 51613.

Supreme Court of Minnesota.

Feb. 18, 1981.

Rehearing Denied March 26, 1981.

**254**

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael M. McGlennen and Thomas A. Weist, Asst. County Attys., Minneapolis, for appellant in No. 51643.

Thomas L. Johnson, County Atty., John Tierney, Chief, Criminal Division, Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for petitioner in No. 51613.

William R. Kennedy, Hennepin County Public Defender, and Monte M. Miller, Asst. Public Defender, Minneapolis, for respondent.

SHERAN, Chief Justice.

This is a pretrial appeal by the state from an order of the district court dismissing an indictment of defendant for first-degree murder and from an order denying a timely motion by the prosecutor for clarification of the order dismissing the indictment. The appeal raises issues concerning the existence and scope of a general prosecutorial duty to present evidence of mental illness to the grand jury concerning a prospective defendant.

The Grand Jury of Hennepin County returned an indictment against defendant for first-degree murder. While the prosecutor was presenting the case to the grand jury, one of the jurors asked if the grand jury could ask about defendant's mental condition and the prosecutor said no. Apparently at this time the prosecutor was aware of some such evidence.

After the indictment was returned, defendant moved for dismissal, and the trial court granted this motion, saying that the prosecutor should have answered the juror's question and supplied the jury with the evidence if the jury requested it. The memorandum of the trial court directed the prosecutor, if he took the case before a new grand jury, to supply the new jury with the evidence even if the jurors did not ask for it.

This dismissal order was entered on April 27. The prosecutor could have directly appealed to this court within 5 days after the entry of the order, but instead moved for clarification. At the same time, the prosecutor requested a 60-day continuance for obtaining a new indictment, with this continuance running from the date of the order on the motion for clarification.

More than 2½ months later the trial court denied the motion for clarification, stating that the earlier order was clear and that the state should have appealed to this court if it wished to challenge the order. The court did not rule on the requested 60-day continuance.

This appeal followed.[1] The defendant contends that by failing to appeal immediately from the earlier order the prosecution forfeited its right to appeal from that order. The defendant also contends that the 60 days for reindictment provided by Minn. R.Crim.P. 17.06, subd. 4(3), ran while the trial court was considering the motion for clarification and that all further prosecution of defendant is barred.

We hold that the prosecutor, by filing a good-faith motion for clarification within the time limit for filing a notice of appeal, preserved its right to appeal from the earlier order. The general rule is that if one files a motion for rehearing or a similar motion after the time limit for filing notice of appeal has expired, then the filing of the motion does not extend the time within which to appeal. On the other hand,

1. The prosecutor also filed a petition for a writ of mandamus, which we hereby deny.

if one files such a motion within the appeal time period, then normally the appeal time period is extended. For example, Minn.R. Crim.P. 29.02, subd. 5(3), provides for an extension of the criminal defendant's appeal time period if he files a timely motion for new trial or other relief. While the rule on the state's pretrial right of appeal is silent on this matter, we hold that a timely motion for clarification or rehearing extends the appeal time period. Here we hold that the time limit within which the state had to file its notice of appeal began to run upon the entry of the order denying clarification.

█ The only other issue before us concerns the prosecutor's role in responding to a grand jury request for evidence on mental state. In this regard we must avoid a standard that would require prosecutors to honor every grand jury's request of this nature. Such a requirement could, in some cases, transform the grand jury proceedings into a prolonged minitrial with a full panoply of psychiatrists and psychologists. The grand jury is not an adversary proceeding. It is only a preliminary determination of whether there is probable cause to believe that an offense was committed and that the defendant committed it. Minn.R.Crim.P. 18.-06, subd. 2. A full trial remains as the true adjudication of guilt or innocence. *See United States v. Kennedy*, 564 F.2d 1329, 1329 (9th Cir. 1977), *cert. denied*, 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978).

█ As a general rule, a prosecutor should honor a grand jury request for additional evidence. Such submission would generally be limited to admissible evidence. We note, however, that even California, which has held that the prosecutor is under an implied statutory duty to present exculpatory evidence to the grand jury, *Johnson v. Superior Court*, 15 Cal.3d 248, 539 P.2d 792, 124 Cal.Rptr. 32 (1975), does not require the prosecutor to present evidence of a defendant's insanity for screening before indictment. *See People v. Snow*, 72 Cal. App.3d 950, 956–959, 140 Cal.Rptr. 427, 430–432 (1977), *overruled on other grounds, People v. Wetmore*, 22 Cal.3d 318, 583 P.2d

1308, 149 Cal.Rptr. 265 (1978). Such evidence may be highly prejudicial should an indictment be returned. Mental illness may not be plead as a defense. There may be a problem concerning the doctor-patient privilege as to the source of such evidence, or the history in such medical reports may be volatile, all leading to a greater problem of the validity of such an indictment.

We therefore hold that we should not invade the prosecutor's discretion in this area other than our suggestions above.

Reversed and remanded for trial.