**STATE of Minnesota, Appellant,**

v.

**Brian Joseph
SCHERMERHORN, Respondent.**

**No. C4-85-1395.**

Court of Appeals of Minnesota.

Jan. 7, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, William H. Briggs, Attorney for City of Detroit Lakes, Detroit Lakes, for appellant.

Peter W. Cannon, Mahnomen, for respondent.

Considered and decided by POPOVICH, C.J., and RANDALL, and CRIPPEN, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

This is an appeal by the State of a pretrial suppression order and a district court order dismissing the complaint.

## FACTS

The relevant facts are as follows: At about 1:35 a.m. on March 31, 1985, State Trooper R.W. Steffen was on patrol in Detroit Lakes. Steffen saw the left wheels of respondent's car cross the center of the roadway. Steffen testified that he saw respondent make a wide left turn. The officer then made a U-turn and followed Schermerhorn.

Steffen said respondent drove close to the right curb instead of in the center, more travelled portion, of the road. Respondent drove into his driveway and Officer Steffen pulled in behind him. He approached Schermerhorn, noticed a strong odor of alcohol on his breath and that he was unsteady on his feet, that his eyes were watery and bloodshot and his speech was slurred. Steffen testified respondent told him he had several beers at a friend's house. The officer then administered a preliminary breath test which Schermerhorn failed.

Respondent was charged with three counts of aggravated D.W.I. in violation of Minn.Stat. § 169.121, subd. 1(a)(d)(e) and subd. 3(a) (1984). At the omnibus hearing the trial court held that respondent's statements to the police officer and the breath test would be suppressed. The court issued a written order that same day (May 16, 1985) determining that the officer did not have articulable suspicion to stop the vehicle.

On June 11, 1985, the defendant moved for dismissal and on June 14, 1985, the State moved for clarification of the May 16 order. These motions were heard on July 15, 1985. The trial court made additional findings and signed an order on July 19 suppressing certain State's evidence which was presented at the May 16 hearing. This order was amended on July 23, 1985, to include a dismissal of the criminal complaint against respondent.

The State appeals.

## ISSUES

1. Did the State file a timely appeal?

2. Is an order of dismissal an appealable order?

3. Did the officer have objective, articulable reasons to stop respondent?

4. Is respondent's driveway a constitutionally protected area?

## ANALYSIS

Minn.R.Crim.P. 28.04 governs pretrial appeals by prosecutors. Subdivision 1 provides for appeal

in any case, from any pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense.

The procedure on appeal is set out in subdivision 2:

(1) *Stay.* Upon oral notice that the prosecuting attorney intends to appeal a pretrial order, the trial court shall order a stay of proceedings of five (5) days to allow time to perfect the appeal.

(2) *Notice of Appeal.* Within five (5) days after entry of the order staying the proceedings, the prosecuting attorney shall file with the clerk of the appellate courts a notice of appeal and a copy of the written request to the court reporter for such transcript of the proceedings as appellant deems necessary.

■ Under this rule the State has five days to appeal the pretrial order. *State v. Wollan*, 303 N.W.2d 253 (Minn.1981). After the hearing, the State orally notified the court that it intended to appeal the pretrial order. The court did not stay the proceedings by a written order but ended all proceedings at the time of the notification. However, the court's failure to stay the proceedings did not affect the State's appeal time. The State still retained a full five days to file a notice of appeal if they wished. There was no activity on the case until respondent filed a motion to dismiss on June 11, 1985. Then on June 14, 1985, the State moved for clarification of the May 16 order.

The supreme court has held that if a prosecutor files a good faith motion for clarification or rehearing *within the time limit for appeal,* it preserves its right to appeal from the original order. *Wollan,* 303 N.W.2d at 254. Here, the prosecutor moved for reconsideration on June 14. That motion was not within the five days required to preserve the right to appeal.

The State argues that the appeal is timely because the May 16 motion did not technically suppress any evidence but only held that the officer did not have reasonable suspicion to stop respondent. We do not agree. At the beginning of that omnibus hearing the parties agreed that the stop was the issue. The court and attorneys agreed that if the stop was "good" the evidence would be admissible. Implicit in that was the converse, if the stop was invalid, the evidence would be suppressed.

The State further argues that: (1) because respondent did not move for suppression and/or dismissal, he was not entitled either to suppression or to dismissal; (2) the trial court did not order a stay of proceedings; and (3) even if the court's verbal ruling had "critical impact" requirements necessary for appeal, it was not contained in the May 16, 1985, order, and thus the time to appeal was left open until the court finally signed an order formally suppressing the State's evidence and therefore articulating critical impact.

■ There is no merit to the State's argument that, because respondent did not formally move for suppression, the relief of suppression cannot be granted. As discussed previously, both attorneys and the court agreed at the hearing that if the stop was valid the evidence would be admissible. Appellant must have known that if the stop were found invalid, the evidence would be suppressed, and, if suppression vitiated the State's case, that dismissal would likely follow.

■ Likewise, the State's theory that no "critical impact" could attach to the court's May 16 *verbal* order, and thus the time to appeal could not start, is meritless. When a trial judge says from the bench that evidence offered at a pretrial hearing will be suppressed, if the State feels that the suppressed evidence will have a critical impact on the outcome of the case, the State is possessed of enough knowledge to file their appeal. The court's verbal statement that certain evidence would be suppressed was clear enough for the State's attorney to give the requisite oral notice pursuant to Minn.R.Crim.P. 28.04, subd. 2, that the State intended to appeal. The State simply failed to follow through with perfecting that appeal within the five days.

■ In order to appeal a pretrial decision, the decision must have a critical impact upon the outcome of the trial. *State v. Webber,* 262 N.W.2d 157, 159 (Minn.1977; *State v. Eisenbacher,* 368 N.W.2d 369 (Minn.Ct.App.1985). The State contends that it did not believe the May 16 order or the court's verbal determination met the critical impact requirements and therefore was not appealable. Although the trial court's *written* order only addressed the stop and did not specifically suppress the evidence, the discussion by the court and counsel at the omnibus hearing, coupled with the court's verbal statement that evidence would be suppressed, clearly indicated suppression was the court's intention. The May 16 order was appealable, and that order started the five-day appeal period.

The State attempted to revive its time for appeal by requesting a clarification. When the right of appeal from an appealable order has expired, the right of appeal is not revived by a subsequent order. *City of Rochester v. Stevens,* 300 Minn. 458, 220 N.W.2d 497 (1974).

Because of our disposition of this case on the issue of timely appeal, we do not address whether the stop was valid or whether respondent's driveway affects the standard for police stops as opposed to stops on public streets.

### DECISION

The pretrial appeal was untimely as the five-day appeal period had passed. Appellant's late motion for clarification did not extend the time.

Affirmed.