**STATE of Minnesota, Appellant,**

v.

**BATZER CONSTRUCTION CO., INC., Robert Stenger Batzer, Bruce Batzer, Allied Blacktop, Inc., Eugene J. Capistrant, et al., Richard C. Pearson, Lundin Construction, Inc., et al., Komatz Construction, Inc., et al., Tom R. Komatz, et al., Charles E. Regenscheid, R.H. Loveall Construction Co., et al., William J. Hart, Hugo Schultz, Inc., John A. Jerlow, Paul F. Smith, Lloyd C. Kruse, Respondents.**

No. C6–87–303.

Court of Appeals of Minnesota.

May 12, 1987.

Review Denied July 15, 1987.

---

Hubert H. Humphrey, III, Atty. Gen., Julia E. Anderson, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Samuel A. McCloud, Dean S. Grau, Linda L. Bogut, Minneapolis, for Batzer Const. Co., Inc.

Samuel A. McCloud, Minneapolis, for Robert Stenger Batzer and Bruce Batzer.

John W. Lundquist, Minneapolis, for Allied Blacktop, Inc., Eugene J. Capistrant, et al., and Richard C. Pearson.

Howard F. Haugh, Mankato, for Lundin Const., Inc., et al., Komatz Const., Inc., et al., Tom R. Komatz, et al., and Charles E. Regenscheid.

Douglas M. Carnival, Minneapolis, for R.H. Loveall Const. Co., et al.

Bailey W. Blethen, Mankato, for William J. Hart.

David D. Meyer, Lakefield, for Hugo Schultz, Inc., John A. Jerlow, Paul F. Smith, and Lloyd C. Kruse.

Considered and decided by CRIPPEN, P.J., and LESLIE and STONE,* JJ.

## OPINION

BRUCE C. STONE, Judge.

On October 29, 1986, the trial court issued an order in *State v. Batzer Construction Co., Inc., Robert Stenger Batzer and Bruce Batzer*, which waived the surcharge on fines levied upon the Batzer defendants. The State moved to amend the order by changing the caption to include the additional 18 defendants, 21 in all. The trial court granted the State's motion and issued an amended order which was filed on or after November 25, 1986. The State filed a notice of appeal from the amended order on February 17, 1987, arguing that the trial court abused its discretion when sentencing

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

the 21 respondents by not imposing a ten percent surcharge in addition to their fines. We affirm.

## FACTS

Respondents were indicted in July 1984 for bid-rigging in the highway construction business in southwestern Minnesota in violation of Minn.Stat. § 325D.53 (1984). All 21[1] respondents reached plea agreements with the State. Although the plea agreements were quite detailed, including fines, civil restitution, debarment and community service, all 21 plea agreements failed to address the issue of surcharges.

On October 9, 1984, 13 respondents were sentenced:

Lundin Construction Inc.,
Larry V. Nurre
Richard C. Lundin
Komatz Construction Inc.
Tom P. Komatz
Leonard A. Hansen
H.R. Loveall Construction Co.
Donovan Weerts
Hugo Schultz, Inc.
John A. Jerlow
Paul F. Smith
Lloyd C. Krause

On January 4, 1985 respondent William J. Hart was sentenced.

On September 3, 1985 Charles E. Regenscheid was sentenced. (The trial court imposed a fine of $2,000 and a surcharge of $200.)

On June 30, 1986 respondents Allied Blacktop, Inc., Eugene Capistrant and Richard D. Pearson, Allied respondents, were sentenced.

On October 13, 1986 respondents Batzer Construction Co., Inc., Robert Stenger Batzer and Bruce Batzer, Batzer respondents, were sentenced (the Batzer respondents).

With the exception of Regenscheid, no surcharges were levied at the sentencing of the non-Batzer respondents.

At the October 13, 1986 sentencing of the Batzer respondents, the trial court reserved jurisdiction over the issue of surcharges and asked counsel to advise the court under what circumstances it could waive the surcharge pursuant to Minn.Stat. § 609.101 (1986). Counsel advised the court that the surcharge could only be waived upon a showing of indigency or undue hardship upon the convicted person or his immediate family.

On October 29, 1986 the trial court issued an order which waived the surcharge in the Batzer cases without making a finding as to indigency or undue hardship.

On November 13, 1986, the State moved for an amended order to "clarify" the effect of the blanket waivers of surcharges by changing the caption on the October 29 order to name all 21 defendants, including those 18 defendants who were not before the court or named as parties to the Batzer action. On November 17, the trial court granted the State's motion and reissued the order in the exact same form, but changed the caption. The State filed a notice of appeal on February 17, 1987. The parties raise the following:

## ISSUES

1. Has appellant waived its right to appeal by not filing a timely notice of appeal?

2. Did the trial court abuse its discretion by not imposing a surcharge on respondents' fines?

3. Would imposition of the surcharge at this time violate the double jeopardy clauses of the United States and Minnesota Constitutions?

4. Does Minn.Stat. § 609.101 violate the Minnesota Constitution, Art. IV, § 17, by embracing more than one subject?

5. Are respondents entitled to recover costs and attorneys' fees for a bad faith appeal?

---

**1.** Twenty-one defendants were indicted and sentenced. Richard D. Schaub died on September 23, 1986.

## ANALYSIS

### I.

■ Minn.R.Crim.P. 28.05 provides, in part:

Any party appealing a sentence shall file with the clerk of the appellate courts, within 90 days after judgment and sentencing, (a) a notice of appeal * * *.

Rule 28.05 requires that the notice of appeal be filed within 90 days after judgment and sentencing. The judgment from which an appeal may be taken in a criminal case is the sentence imposed. *City of St. Paul, v. Sutherland,* 270 Minn. 61, 132 N.W.2d 280 (1964). The right of the state to appeal must be strictly construed. *City of Albert Lea v. Harrer,* 381 N.W.2d 499 (Minn.Ct. App.1986).

Sentencing of all but the Batzer respondents took place on or before June 30, 1986. The time to appeal those sentences expired 90 days after the date of sentencing. The State's February 17, 1987 notice of appeal was filed long after the time in which to appeal expired. *State v. Brown,* 297 Minn. 109, 209 N.W.2d 920 (1973) (State's failure to file a timely notice of appeal warrants dismissal of appeal).

Sentencing of the Batzer respondents took place on October 13, 1986. At that time, no surcharge was imposed, but the court specifically reserved jurisdiction over the issue of surcharges. On October 29, 1986, the trial court issued an order waiving the surcharge. The 90 days allowed for the State to file a notice of appeal expired on January 27, 1987. The State did not file its notice of appeal until 21 days later, on February 17, 1987.

■ The State argues that "judgment and sentencing," within the meaning of Minn.R.Crim.P. 28.05, did not occur until the amended order was signed on November 17, 1986, or entered on or after November 25, 1986.[2] The State bases its argument on Minn.R.Crim.P. 27.03, subd. 9 which allows the court "at any time" to "correct a sentencing not authorized by law." Thus, it is the State's position that the November 25 amended order "corrected" the sentences of all 21 respondents, and therefore, the amended order extended the time for appeal.

The State cites *State v. Wollan,* 303 N.W.2d 253, (Minn.1981) as support for its argument that November 25 is the date from which the 90 days begins to run. *Wollan* held that a motion for clarification filed in good faith by the State in the time limit for filing an appeal extends the beginning of the appeal period to the date of entry of the order adjudicating the motion. *Id.* at 254–55. The State's reliance on *Wollan* is misplaced for two reasons. First, *Wollan* involved a pre-trial appeal where the State was allowed only five days in which to appeal. Here, the State had a full 90 days within which to file a notice of appeal. Second, the State's motion was not a "motion for clarification," as it was in *Wollan,* because the amended order did not clarify or change anything. Except for the caption, the November 17 amended order was exactly the same as the October 29 order. The "amendment" was simply an addition of defendants and did not change the Batzer rights or liabilities concerning the surcharge.

■ This court has recently held that when the right to appeal from an appealable order has expired, the right is not revived by subsequent order. *State v. Schermerhorn,* 379 N.W.2d 660, 663 (Minn. Ct.App.1986). The purpose of setting a time limit on the right to appeal is to provide finality upon which parties to the action can rely. We find that by failing to object at the time of sentencing to waiver of the surcharge and by failing to file a

---

**2.** The amended order was signed by Judge Zimmerman on November 17, 1986. Judge Zimmerman then forwarded the original amended order to the plaintiff with a request to file the order in the appropriate court files. Copies of the order were sent to the clerks of Jackson and Blue Earth County Courts by letter dated November 24, 1986. The orders were filed by the Jackson County Clerk of Court on November 25, 1986. Although the orders are located in the appropriate Blue Earth County case files, the Clerk of Blue Earth County Court has no record of the date of filing. However, since the orders were not mailed to the Clerk until November 24, 1986, they were necessarily filed on or after November 24, 1986.

notice of appeal within 90 days of the sentencing, the State forfeited its right to appeal.

We further find, however, that the State did not file this appeal in bad faith. Therefore, respondents are not entitled to costs or attorney fees.

In view of our disposition of this appeal as untimely, it is unnecessary for us to address the other issues advanced by the parties; whether the trial court abused its discretion by not imposing a surcharge on respondents' fines; whether imposition of the surcharge at this time would violate the double jeopardy clause of the United States and Minnesota Constitutions; and whether the surcharge statute, Minn.Stat. § 609.-101, violates the Minnesota Constitution, Article IV, § 17, by embracing more than one subject.

### DECISION

Affirmed.