STATE of Minnesota, Appellant,

v.

Jon Gregory DOSTAL, Respondent.

No. C9–88–2346.

Court of Appeals of Minnesota.

Jan. 3, 1989.

Brian T. Hardwick, Roseau, for appellant.

Michael L. Jorgenson, Thief River Falls, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and FOLEY and FORSBERG, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

By order dated and filed October 31, 1988, the trial court dismissed an open bottle charge against respondent for lack of probable cause. Copies of the order were sent to the parties on November 1, 1988. On November 4, 1988, appellant's counsel notified the trial court of his intent to appeal. On November 7, 1988, the trial court filed an order staying the October 31, 1988 order until November 12, 1988.

On November 9, 1988, appellant filed and served this appeal seeking review of the October 31, 1988 order. This court questioned jurisdiction and directed the parties to file memoranda on the timeliness of the appeal and whether the October 31, 1988 order is appealable.

### DECISION

The procedure for a prosecuting attorney to file an appeal from a pretrial order is governed by Minn.R.Crim.P. 28.04, subd. 2, which in part provides:

> *Subd. 2. Procedure Upon Appeal of Pretrial Order.* The procedure upon appeal of a pretrial order by the prosecuting attorney shall be as follows:
>
> (1) *Stay.* Upon oral notice that the prosecuting attorney intends to appeal a pretrial order, the trial court shall order a stay of proceedings of five (5) days to allow time to perfect the appeal.
>
> (2) *Notice of appeal.* Within five (5) days after entry of the order appealed from, the prosecuting attorney shall file with the clerk of the appellate courts a notice of appeal and a copy of the written request to the court report-

er for such transcript of the proceedings as appellant deems necessary.

*Id.* (Emphasis added).

■ Rule 28.04, subd. 2(2) requires an appeal be filed within five days "after entry of the order appealed from." *Id.* In this case appellant is seeking review of an order filed on October 31, 1988. The last day to appeal the October 31, 1988 order was Monday, November 7, 1988. *Id;* Minn. R.Crim.P. 34.01. Appellant filed and served this appeal on November 9, 1988 and the appeal is untimely. The fact that appellant sought a stay of proceedings, which was unnecessary since the October 31, 1988 order dismissed the only charge against respondent, does not extend the time to appeal.

■ Prior to 1988, Minn.R.Crim.P. 28.04, subd. 2(2) stated an appeal must be taken within five days "after entry of the order staying the proceedings." Minn.R.Crim.P. 28.04, subd. 2(2) (1987). The former provision caused great confusion and in many instances prosecutors sought stays which were unnecessary and then erroneously believed the time to appeal ran from the date of entry of the order staying proceedings. The 1988 amendment to Rule 28.04, subd. 2(2) clarifies that an appeal must be filed within five days after the date of entry or filing of the order appealed from, not the order staying proceedings. Therefore it is now clear that even if a stay is obtained the time to appeal runs from the date of filing of the order appealed from.

Respondent also claims the October 31, 1988 order is not appealable, since Rule 28.04, subd. 1(1) precludes an appeal from an order dismissing a complaint for lack of probable cause. However, since the appeal is untimely, the court declines to reach this issue.

APPEAL DISMISSED.