**In the Matter of the WELFARE OF W.L.H.**

No. C5–96–803.

Court of Appeals of Minnesota.

July 23, 1996.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Michael Richardson, Asst. County Atty., Minneapolis, for appellant State.

John M. Stuart, State Public Defender, Minneapolis, for respondent.

William R. Kennedy, Hennepin County Public Defender, Peter W. Gorman, Asst. Public Defender, Minneapolis, for respondent W.L.H.

Considered and decided by TOUSSAINT, C.J., and HUSPENI and PETERSON, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

This appeal is from a pretrial suppression order in a juvenile delinquency proceeding that has been designated an extended jurisdiction juvenile (EJJ) proceeding. Respondent W.L.H. has moved to dismiss the appeal as untimely. We agree and dismiss the appeal.

## FACTS

The state filed a juvenile delinquency petition alleging that respondent W.L.H. had committed a first-degree controlled substance offense. Respondent was 15 years old when the offense allegedly occurred.

The state moved to certify W.L.H. for adult prosecution. This motion was dismissed but the proceeding was designated an (EJJ) proceeding, with W.L.H. waiving any challenge to that designation.

W.L.H. filed a motion to suppress evidence seized following an investigative stop. A *Rasmussen* hearing was held and the trial court on Tuesday, April 9, 1996, issued a ruling from the bench granting the suppression motion. The state requested, and was granted, a stay of five days to allow it to appeal.

On Tuesday, April 16, 1996, the state filed a motion for rehearing and reconsideration of the April 9 order. A hearing was held on the motion on April 18, 1996. At the hearing, respondent argued that the state's motion for rehearing and reconsideration was not timely filed. The trial court heard arguments on the merits of the motion, but also determined that the motion had not been timely filed.

## ISSUE

1. Did the state file this appeal timely?

## ANALYSIS

The state may extend the time to file a pretrial appeal by filing a motion for reconsideration and appealing from the order denying the motion. *State v. Wollan,* 303 N.W.2d 253, 254–55 (Minn.1981). In order to extend the time to appeal, however, the state must file its motion for reconsideration within the time to appeal. *Id., State v. Schermerhorn,* 379 N.W.2d 660, 662 (Minn.App.1986).

In a juvenile delinquency proceeding, the state has five days to file an appeal from a pretrial order. *See* Minn. R. Juv. P. 31.04, subd. 3(A) (appeal to be filed within five days "after notice of entry of the order appealed from is served" on the state). Here, because the order was a verbal one, issued from the bench, the state had five days from April 9, 1996, the date of the ruling, to file either an appeal or a motion for reconsideration. The state, relying on the criminal rule excluding weekends from the computation of a period when a period is seven days or less, waited until April 16, the seventh day after the April 9 order, to file its motion for reconsideration. *See* Minn. R.Crim. P. 34.01. Respondent moves to dismiss the appeal, citing Minn. R. Juv. P. 65.01, which provides for a different manner of calculating time periods than do the rules of civil or criminal procedure. That rule provides:

> When a period of time prescribed or allowed is ***three days or less,*** intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

Minn. R. Juv. P. 65.01 (emphasis added). It is undisputed that the prescribed time period here is five days, and that unless the intermediate weekend days are excluded, the state's motion for reconsideration, and this appeal, are untimely.

The state argues that Minn. R. Juv. P. 65.01 does not apply to EJJ proceedings. The state points to the heading of the rule, which refers only to "delinquency, petty, traffic, and juvenile protection matters." We conclude that an EJJ proceeding is an extension of a delinquency proceeding and is properly considered within the term "delinquency matter."

Minn. R. Juv. P. 65 applies to "all delinquency matters defined by Minn.Stat. § 260.015, subd. 5." Minn. R. Juv. P. 1.01. The statute, in turn, defines who is a "delinquent child," and excludes from this definition one category of juvenile offenders. Minn.Stat. § 260.015, subd. 5(a) (definition of "delinquent child"), (b) (children alleged to have committed first-degree murder after becoming 16 excluded from definition) (1994). The EJJ statute may be applied to children who are "alleged to have committed a felony offense," a sub-category of "delinquent child." Minn.Stat. § 260.126, subd. 1 (1994). The EJJ statute does not apply to those juvenile offenders who are excluded from the definition of "delinquent child." Minn.Stat. § 260.126, subd. 6 (1994). Thus, all juvenile offenders whose proceedings could be designated EJJ proceedings fall within the category of "delinquent child."

When the EJJ statute was enacted in 1994, an interim rule was promulgated to govern EJJ procedures. Minn. R. Juv. P. 34A. References to EJJ were incorporated into other juvenile delinquency rules, such as Rule 31, governing appeals. But Rule 65.01, governing computation of time, extends beyond delinquency matters to juvenile protection and juvenile traffic offenses. The failure to add a reference to EJJ to this broader rule does not appear to reflect any intent to exclude EJJ proceedings from the scope of the rule. *See generally Essling v. Markman*, 335 N.W.2d 237, 240 n. 2 (Minn.1983) (title of statute may be considered as indicator of legislative intent); *Lecy v. Sage Co.*, 460 N.W.2d 102, 105 (Minn.App.1990) (title of statute is not of decisive significance in determining scope of statute), *review denied* (Minn. Oct. 25, 1990).

The prosecution's right to appeal must be strictly construed. *City of Albert Lea v. Harrer*, 381 N.W.2d 499, 501 (Minn. App.1986). The stricter rule for time computations in Minn. R. Juv. P. 65.01 reflects the philosophy that juvenile matters should be expedited. 13 John O. Sonsteng & Robert Scott, Minnesota Practice 414 (1985). The EJJ statute extends juvenile jurisdiction to age 21. Minn.Stat. § 260.181, subd. 4(b) (1994). But that is insufficient reason to discard the expedited time constraints applied to juvenile proceedings, even if this court could ignore the plain language of Rule 65.01.

## DECISION

Because Minn. R. Juv. P. 65.01 applies to this EJJ proceeding, intermediate weekend days are not excluded from the calculation of the state's time to appeal. Therefore, the state's motion for reconsideration was not timely filed and did not extend the time to appeal.

**Appeal dismissed.**