**STATE of Minnesota, Appellant,**

v.

**Jeremy Michael PALMER, Respondent.**

No. A08–0335.

Court of Appeals of Minnesota.

June 3, 2008.

Lori Swanson, Attorney General, St. Paul, MN, and James Backstrom, Dakota County Attorney, Lawrence F. Clark, Assistant County Attorney, Hastings, MN, for appellant.

Samuel A. McCloud, Carson J. Heefner, McCloud & Heefner P.A., Shakopee, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge; ROSS, Judge; and CONNOLLY, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

Respondent Jeremy Michael Palmer has filed a motion to dismiss this prosecution appeal from a pretrial order, arguing that the appeal was not timely filed. Appellant State of Minnesota has filed a response to the motion. Because we conclude that the appeal was timely filed, we deny the motion to dismiss.

## FACTS

Palmer was charged with felony driving while impaired based on a traffic stop that revealed indicia of intoxication. Palmer agreed to take an Intoxilyzer test, which showed a .14 alcohol concentration.

Palmer moved for discovery of the source code used in the Intoxilyzer 5000EN, the instrument that produced the .14 test result used to charge him with having an alcohol concentration of .08 or more. The district court granted Palmer's discovery motion in December 2007, requiring the prosecution to disclose the source code within 30 days. The prosecution later asked for reconsideration of the order, which the district court denied.

On the scheduled trial date, January 29, 2008, the prosecution was granted a continuance. Palmer's counsel requested suppression of the Intoxilyzer test results due to the state's failure to disclose the source code. The district court indicated that it would grant the request to suppress the test results. The court also indicated, at the prosecutor's request, that it would issue a formal order. On February 4, 2008, the district court issued a written suppression order. The state moved for reconsideration of that order on February 8, 2008. On February 15, 2008, the motion was denied at a hearing. The state filed a notice of appeal on February 19, 2008.

## DECISION

The state has five days to appeal from a pretrial order. Minn. R.Crim. P. 28.04, subd. 2(8). The rule provides:

> The appeal then shall be taken within 5 days after the defense, or the clerk of court . . ., subsequently serves notice of entry of the order appealed from upon the prosecuting attorney or within 5 days after the prosecuting attorney is notified in court on the record *of such order*, whichever occurs first.

*Id.* (emphasis added). As this language indicates, the triggering of the five-day deadline differs depending on whether the order appealed from is in writing or was entered orally on the record. If the order is in writing, the deadline is triggered by service of notice of entry of the order on the prosecutor. *Id.*

■ The state may extend its time to appeal a pretrial order by filing a motion for reconsideration. *State v. Wollan,* 303 N.W.2d 253, 254 (Minn.1981). But the motion for reconsideration must be filed within the time allowed for the state to file an appeal. *Id.*

Palmer argues that the prosecution did not file its motion for reconsideration within the five-day appeal period. Palmer argues that the time to appeal began to run

on January 29, when the district court announced its ruling from the bench, because the prosecutor was then "notified in court on the record" of the court's order, as provided in the rule. But because the court indicated that a written order would follow, we conclude that the appeal period did not begin to run until service of notice of entry of the February 4 written order.

The rule formerly provided that the state's five-day appeal period began to run from the entry of the pretrial order. *See State v. Dostal,* 433 N.W.2d 159–60 (Minn. App.1989) (applying former rule). The problem with this rule was that the state's five-day appeal period would sometimes expire before the prosecutor received actual notice of the order. *See* Minn. R.Crim. P. 28 cmt. The rule was amended in 1991 to eliminate entry of the order as the triggering event and to require some actual notice, either service of notice of entry or notification on the record, "whichever occurs first." Minn. R.Crim. P. 28.04, subd. 2(8).

There is a sense in which the prosecutor is always "notified in court on the record" of a district court's bench ruling. *See id.* But the prosecutor is not "notified" of the court's decision merely because the result is announced from the bench when the court's reasoning may be unknown until the written order is later entered. The rule requires notification on the record of "such order" before the five-day appeal period is triggered. *Id.* The term "such order" appears to refer to the type of order mentioned earlier in the sentence, which is an order on which service of notice of entry may be made. *Id.* Generally, notice of entry is provided for a written order. *See* Minn. R.Crim. P. 33.03.

■ In construing a rule, this court must look first to the plain language of the rule and to its purpose. *See Rubey v. Vannett,* 714 N.W.2d 417, 421 (Minn.2006).

The rules for interpreting statutes, which generally apply to the interpretation of rules, prevent this court from disregarding unambiguous language in favor of a pursuit of the purpose behind the provision. *See State v. Hicks,* 583 N.W.2d 757, 759 (Minn.App.1998), *review denied* (Minn. Oct. 20, 1998). But we conclude that the term "such order" is ambiguous. As discussed above, the term does not unambiguously refer to a mere bench ruling when the court has indicated that a written order, an order on which notice of entry may be served, is later to follow.

Because the term "such order" is ambiguous, we conclude that it should be construed as applying to a bench ruling only when the district court has not indicated that a written order will follow. Any other reading of the rule would lead to a number of absurd results.

For instance, if the rule were read as triggering the appeal period when a bench ruling is announced, even if a written order is to follow, the district court's jurisdiction to issue the follow-up written order could be questioned if, as would often happen, the state's appeal were filed before the written order. *See generally Muecke v. State,* 348 N.W.2d 808, 810 (Minn.App. 1984) (holding that when appeal is filed, district court's jurisdiction is suspended as to those matters necessarily involved in appeal); *cf. State, City of Crystal v. Kivi,* 554 N.W.2d 97, 102 (Minn.App.1996) (noting perfection of pretrial appeal divests district court of jurisdiction), *review denied* (Minn. Dec. 17, 1996).

The prosecution would also be pressured into filing an appeal even as it was awaiting the written order that might contain the only explanation of the court's ruling. Indeed, the court's explanation may be necessary to determine whether the order is even appealable. *See State v. Hart,* 723

N.W.2d 254, 258 (Minn.2006) (noting that district court's dismissal order was not appealable because accompanying memorandum explained that dismissal was "in the interests of justice"); *State v. Jones,* 518 N.W.2d 67, 70 (Minn.App.1994) (holding that critical impact could not be premised on anticipated future rulings), *review denied* (Minn. July 27, 1994); *State v. Kiminski,* 474 N.W.2d 385, 388–89 (Minn. App.1991) (relying on language of district court's memorandum to conclude that probable-cause dismissal was based on statutory construction and was therefore appealable), *review denied* (Minn. Oct. 11, 1991).

The rules allow the district court to issue its ruling from the bench following an omnibus hearing. Minn. R.Crim. P. 11.07. A ruling from the bench may provide enough information to allow the prosecution to determine whether it can, and should, appeal. *See State v. Schermerhorn,* 379 N.W.2d 660, 662 (Minn.App. 1986). But bench rulings often lack the fuller explanation of the court's reasoning that is helpful for appellate review and therefore helpful also to the prosecution in deciding whether to appeal. *See Hart,* 723 N.W.2d at 256 (noting that district court granted defense motion to dismiss after prosecutor did not appear at omnibus hearing, signed form that day indicating dismissal was for lack of prosecution, then later issued "formal order and memorandum" providing that dismissal was nonappealable "in the interests of justice"); *cf. State v. Perkins,* 582 N.W.2d 876, 877–78 (Minn.1998) (noting inadequacy of district court's omnibus-hearing summation of what issues should be covered by written briefing).

As discussed above, and as the sequence of orders in *Hart* illustrates, the prosecution may not even know whether it has a right to appeal the pretrial order until the written order is issued. *See Hart,* 723 N.W.2d at 257–58 (noting that bench ruling and form order did not clarify state's right to appeal, but subsequent written order had language making ruling nonappealable).

 We conclude that the announcement of a bench ruling, with a written order to follow, does not give the state the notice as contemplated by the rule of the pretrial order that is to be appealed. Therefore, the state's appeal time, when a written order is to follow a bench ruling, does not begin to run until service of notice of entry of the written order.

Because the state's time to appeal the district court's order granting suppression of the test results did not begin to run until service of notice of entry of the written order, the state's motion for reconsideration was timely filed. Therefore, the time to appeal was extended, and the appeal was timely filed.

**Motion denied.**